DETERMINED IN

# THE SUPREME COURT

OF THE

## ⸢ TERRITORY OF NEW MEXICO.

[No. 399.   January 3, 1893.]

## MAXWELL LAND GRANT COMPANY, APPEL-LANT, v. JACINTO SANTISTEVAN, APPELLEE.

EJECTMENT—NOTICE OF IMPROVEMENTS—ADMISSIBILITY OF EVIDENCE OF.—
In an action of ejectment for the recovery of certain land, and for
damages for rents and profits, where the defendant pleaded not
guilty, and filed a notice of claim for improvements, under section
2270, Compiled Laws, and it appeared that the only right, title, or
claim defendant had was that growing out of his squatting on the
land, and improving it, the filing of the notice of intention to prove
the value of the improvements, did not, under the issue raised, render
evidence offered to prove the same, competent.

ID.—LAPSED LEASE—REMOVAL OF IMPROVEMENTS.—In such action, where
a paper, purporting to be a lease of the land in controversy from
plaintiff to defendant, which had lapsed, was admitted in evidence,
by the terms of which plaintiff conceded to defendant all his improve-
ments on the land, with full power to sell or remove the same, and
the action was not brought until six or seven years after the termina-
tion of the lease, defendant was entitled to three months in which to
remove his improvements, and plaintiff to a writ of possession, with-
out paying for such improvements.

APPEAL, from a judgment allowing defendant for
his improvements, from the Fourth Judicial District
Court, Colfax County.   Judgment modified.

VOL. 7 N. M.—1                                            (1)

The facts are stated in the opinion of the court.

FRANK SPRINGER for appellant.

LEE & FORT for appellee.

SEEDS, J.—This was an action in ejectment, brought by the plaintiff and appellant, to oust the defendant and appellee from a portion of what is known as the "Maxwell Land Grant," in the county of Colfax, and for damages for rents and profits. To the declaration the defendant filed a plea of not guilty, and also gave notice that he would prove the value of his improvements made while upon the land. The case was tried to the court, a jury having been waived; and he found in favor of the plaintiff, as to the right of possession, but also found that the defendant was entitled to $350 for his improvements, "over and above all benefits and profits which had accrued to him from the use of said land, or the occupation thereof." The plaintiff appeals from this finding of the court.

When the testimony was offered to prove the improvements upon the part of the defendant, the plaintiff objected, for the reason that there was no issue raised by the pleadings under which such testimony was allowable, and after its admission moved to strike it all out for the further reason that the defendant was shown not to be a bona fide claimant of title to the property in question. The objection and motion were both overruled, to which plaintiff excepted. It may be remarked, preliminarily, that we have not been favored by either a brief, or any oral argument upon the part of the appellee, although time has been given him in which to file a brief. Having failed, however, to take advantage of the extension of time, we do not feel that we are justified in further delaying the decision of the case.

EJECTMENT: notice of improvements: admissibility of evidence of.

We think that the decision of the court in allowing proof of the defendant's improvements, upon the pleadings, and giving judgment therefor, was erroneous. Section 2270, Compiled Laws, 1884, reads as follows, so far as the merits of the case are concerned: "Hereafter, in all actions of ejectment which are now pending, or which may hereafter be brought, when the defendant or tenant in possession in such suit shall have title of the premises in dispute, either by grant from the government of Spain, Mexico, or the United States, deed of conveyance founded on a grant, or entry for the same, such defendant or defendants may file, at the time of the filing of the pleas in said cause, a notice to the plaintiff, that on the trial of said cause, he or they will prove what improvements he or they may have made on the said lands in dispute, and the value thereof." It appears that this statute was originally passed in the Spanish language, and in its interpretation or construction that language must govern. Section 2615, Comp. Laws, 1884. By a proper translation it appears that the clause, "or entry for the same," would read, rather, "or by whatsoever authority empowered by the said governments." By that section, properly translated, in all ejectment suits, the defendant may file a notice, when he files his plea, of his intention to prove the value of his improvements. Now it is quite certain that by the rules of pleading, at common law, under the issue raised by the plea of not guilty to a declaration in ejectment, the defendant could not have introduced evidence as to the value of his improvements, even admitting that at common law he could have recovered for the same, under any possible issue properly raised by the pleadings. As, then, he has given him by this section, a new right—a statutory right—he must follow it strictly. It can only apply to the matters therein enumerated. By that section, then, it is provided that when he (the defendant)

"shall have title of the premises in dispute, either by grant from the governments of Spain, Mexico, or the United States, deed of conveyance founded on a grant," or as it is more properly translated, "or by whatsoever authority empowered by the said governments to make a grant," it shall be lawful for him to give his notice, and prove the value of his improvements. But the testimony conclusively shows that the only right, or title, or claim which the defendant had was that growing out of his squatting on the property, and improving it. He says himself that his claim was founded simply upon his labor. He had no claim of any kind growing out of a grant from any of the three governments named, or by means of any conveyances from them, or from any authority traceable to them. That being true, we are unable to see how, under the provisions of the section in question, there could have been admitted any proof of the improvements by reason of the notice filed. We do not say that if a proper pleading had been filed the evidence might not have been admissible. There was admitted in evidence a paper purporting to be a lease of the land in question from the plaintiff to defendant. This lease showed that the defendant recognized the title of the plaintiff. According-

LAPSED lease: removal of improvements.

ing to a portion of its terms, the Maxwell Land Grant Company conceded to the defendant all his buildings and other improvements upon the land, with full right to sell or remove the same. It is true that this action was not based upon the terms of that lease, which had evidently been allowed to lapse. But they introduced it in evidence, and it is no more than proper that the defendant should have the benefit of its terms, as the plaintiff waited six or seven years after the termination of the lease before commencing this action. The judgment of the lower court will be so modified as to give the defendant three months to remove his improvements, when a writ of

possession will issue in favor of plaintiff, without paying the $350.

FREEMAN and McFIE, JJ., concur.

LEE, J., being of counsel, did not sit in the case.