[No. 3613.   Oct. 7, 1931.]

DIMAS v. ALBUQUERQUE & CERRILLOS COAL CO.

[3 Pac. (2d) 1068.]

Barker & Fahy, of Santa Fe, for appellant.

E. R. Wright, of Santa Fe, for appellee.

## OPINION OF THE COURT

WATSON, J.

Appellant proceeded under the Workmen's Compensation Act (1929 Comp. c. 156) for a fatal injury to his adopted son. The petition was dismissed on the sole ground that appellant was not a dependent within the meaning of the act.

Appellant had testified in chief, and was being cross-examined when the court interposed a few questions, and then, of his own motion, made this ruling:

"Gentlemen, I don't see any necessity to go ahead with this case. It is absolutely evident this old man was not dependent on this boy. Judgment will be for the defendant. Under the testimony given the Court is compelled to give judgment for the defendant upon the plaintiff's own testimony. Do 'counsel for the plaintiff desire to offer other evidence? Unless that evidence is contradictory to the evidence offered by the plaintiff, it will not be admitted because the testimony of the plaintiff alone, uncontradicted shows he was not entitled to judgment."

In this situation, there being no conflicting evidence, and no circumstances shown to cast doubt upon the truth of appellant's testimony, it cannot be here contended that the trial court may have disbelieved the witness. The sole question is whether, as a matter of law, appellant had himself made out a case of nondependency. The inference from the question propounded by the learned trial judge and the ruling is, not that he doubted that the deceased was contributing substantially to appellant's income and support, but that he considered that appellant, a single man, earning $55 to $60 per month, having no dependents, and having an expense of but $30 per month for food and housing, could not be held to be dependent.

Appellant was 60 years old; the deceased 21. Both were single, and lived or boarded with appellant's married daughter, paying her $30 each per month. At the time of the accident the deceased was earning $19.18 per week. Appellant was earning $55 to $60 per month. The appellant was not in good health, hardly able to perform the labor he was doing; had been struggling to get out of debt; had succeeded; and was trying to buy some equipment for a small farm he had inherited. The earnings of the deceased were turned over to appellant, who supplied necessities to the deceased; it being in evidence that the deceased procured clothing on appellant's credit.

The dependency of the parent must be actual, but need be only partial. 1929 Comp. § 156-112. If true that appellant might have supported himself "in some fashion" without assistance from the deceased, it is not conclusive against his claim. Merrill v. Penasco Lumber Co., 27 N. M. 632, 204 P. 72. He was getting old, was not in good health, was trying to equip his small farm so that he could retire to it and lead an easier life. Deceased had helped, and appellant had reason to anticipate further assistance.

"Dependency does not necessarily depend upon whether or not the claimants could support themselves without the earnings of the deceased or whether they could have so reduced their living expenses that they could have been supported independent of such earnings."

Gonzales v. Chino Copper Co., 29 N. M. 228, 222 P. 903, 905.

We think that the view of dependency entertained by the trial judge was too strict, and that the judgment is erroneous.

Whether, under these circumstances, appellant should have judgment or a new trial, is perhaps a debatable question. We are not called upon to decide it, as counsel have not argued it. Appellant merely claims that he is entitled to the one relief or the other, while appellee does not mention the matter.

The judgment will be reversed, and the cause remanded, with a direction to grant a new trial. It is so ordered.

BICKLEY, C. J., and HUDSPETH, J., concur.

PARKER and SADLER, JJ., did not participate.