364 P.2d 126

James M. DOWALIBY, Plaintiff-Appellee,

v.

Glen FLEMING, Defendant-Appellant.

No. 6847.

Supreme Court of New Mexico.

Aug. 17, 1961.

George L. Zimmerman, Alamogordo, for appellant.

George E. Ward, Roswell, for appellee.

NOBLE, Justice.

Action was brought in the district court of Chaves County to recover $1,599.72 on account of loans and advances by plaintiff to defendant. The trial court found the issues generally in favor of plaintiff and, after allowing a setoff of $342 for unpaid wages, granted judgment for plaintiff in the sum of $1,257.72 from which defendant appeals.

Defendant, as a special defense, alleged an oral agreement by which he, as a tenant occupying a house owned by plaintiff, was to remodel the house at his expense and was to receive one-half of the proceeds of any sale of the house. By way of counterclaims defendant sought $2,000 for materials and $750 for labor furnished in the construction of a storage shed erected by defendant upon plaintiff's property.

Defendant worked for plaintiff and paid no rent for the house during a period of three and one-half years. During the tenancy defendant's family increased in size and he was permitted to make additions and improvements to the house under a verbal agreement that plaintiff would pay defendant one-half of the profits resulting from any sale of the house if it was sold during defendant's occupancy and defendant was required to move by reason of such sale. Defendant, without any agreement, erected a storage shed on the premises for his own convenience and to store his equipment. After some three and one-half years defendant quit working for plaintiff and secured employment elsewhere and moved his family to another town although he left some, at least, of his furniture in the house. He refused to return to work for plaintiff. After defendant had gone the storage shed was destroyed by a cyclone and plaintiff received $300 from insurance by reason of its destruction and subsequently plaintiff sold the house. The case was tried to the court without a jury and, among others, the following facts were found:

"2. That Plaintiff allowed Defendant to live in a house owned by Plaintiff on Air Base Road, Roswell, New Mexico, rent free, for a period of approximately three and one-half (3½) years.

"3. That at Defendant's own volition and not at Plaintiff's request Defendant made additions to said house from which no obligation by the Plaintiff to the Defendant arose, and from which Defendant gained no interest in the house or property.

"4. That Plaintiff agreed with Defendant that if the house in which Defendant was living was sold during the Defendant's accompancy (occupancy), the Defendant would share in the profits of the sale.

"5. That the house in which Defendant was living rent free was sold after the Defendant's occupancy had ended, and then, therefore, the Defendant had no interest whatsoever in the proceeds of the sale.

\*     \*     \*     \*     \*     \*

"10. Defendant erected a tool shed on Plaintiff's property on Air Base Road, Roswell, New Mexico, and annexed same shed to said property, which he subsequently abandoned prior to the shed's destruction.

"11. That Plaintiff made loans and advances to the Defendant in the amount of $1,599.72, at the request of the Defendant, upon an open account between January 16, 1956 and January 21, 1959, no part of which has been paid though demand has been made.

"12. That the tractor work for which the Defendant was to be allowed an hourly sum over and above his regular wages, amounted to 114 hours of work at $3.00 per hour, and that the sum of $342.00 is due and owing the Defendant by the Plaintiff."

■ Defendant urges that the trial court erred in denying him a setoff of the value of one-half of the house. The trial court found an agreement between the parties by which defendant was to receive one-half of the profits from any sale but only if the house was sold during defendant's occupancy and specifically found that the occupancy had ended prior to a sale of the house. The facts found by the trial court are the facts upon which the case rests in the appellate court unless such findings are directly attacked and set aside by this court. Santo Tomas Produce Ass'n v. Smith, 68 N.M. 436, 362 P.2d 977; Ritter-Walker Co. v. Bell, 46 N.M. 125, 123 P.2d 381; Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900; Wells v. Gulf Refining Co., 42 N.M. 378, 79 P.2d 921.

■ Immediately following the statement of the first point, defendant asserts, in support thereof, that he objected to the

court's finding of fact No. 4 by tender of his requested finding No. 3. The requested finding challenges the sufficiency of the evidence to support the finding made by the court in conflict with it. Rubalcava v. Garst, 53 N.M. 295, 206 P.2d 1154; Scuderi v. Moore, 59 N.M. 352, 284 P.2d 672; Darr v. Eldridge, 66 N.M. 260, 346 P.2d 1041, 77 A.L.R.2d 1052. However, defendant thereafter quotes portions of the testimony of plaintiff clearly supporting the finding made by the court and likewise calls attention to conflicting testimony of defendant. There being a conflict, it was for the trier of the facts to determine the weight of the evidence and the credibility of the witnesses. Luna v. Flores, 64 N.M. 312, 328 P.2d 82; Greene v. Esquibel, 58 N.M. 429, 272 P.2d 330, and we will not disturb finding of fact supported by substantial evidence. Brown v. Martinez, 68 N.M. 271, 361 P.2d 152; Hyde v. Anderson, 68 N.M. 50, 358 P.2d 619.

Defendant admits that ordinarily a tenant may only recover for the cost of alterations or improvements if there is a definite agreement by the landlord to pay for them and that when a controversy arises in connection therewith, the tenant's right to recover depends upon a construction of the agreement. See Annot. 25 A.L.R.2d 886. The controversy here as to whether the tenant was to receive one-half of the profits from the sale of the house, whenever such sale was made or only if made while the house was occupied by the tenant, as well as the circumstances surrounding the termination of the occupancy, have been resolved by findings No. 4 and No. 5 by the trial court. Those findings, supported by substantial evidence, will not be disturbed on appeal. Viramontes v. Fox, 65 N.M. 275, 335 P.2d 1071; Jensen v. Allen, 63 N.M. 407, 320 P.2d 1016; Flippo v. Martin, 52 N.M. 402, 200 P.2d 366.

■ Finally, defendant asserts that the trial court erred in refusing a setoff of the $300 received as insurance by plaintiff by reason of the destruction of the storage shed. Defendant contends that having erected the shed on the landlord's property without any agreement, he is entitled to remove it and that since it was destroyed by a cyclone, he is entitled to an offset in the amount of the insurance received by plaintiff. Here, again, the trial court found that defendant had abandoned the shed prior to its destruction.

■ Even though a tenant may have the right, by agreement or operation of law, to remove a building erected by him on the property of the landlord; nevertheless, if he quits the premises of the landlord without removal of the building or fails to remove it prior to expiration of his tenancy, he loses any right of removal he may have had and such building becomes a part of the realty. Runner v. Pierson, 144 Neb. 847, 14 N.W.2d 847; Shelton v. Jones, 66

Okl. 83, 167 P. 458, L.R.A.1918A, 830; Hughes v. Kershow, 42 Colo. 210, 93 P. 1116, 15 L.R.A.,N.S., 723; 1 Thompson on Real Property, Sec. 203. Compare Maxwell Land Grant Co. v. Santistevan, 7 N.M. 1, 32 P. 44.

The judgment will be affirmed.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.

COMPTON, C. J., and CARMODY, J., not participating.