380 P.2d 16

**Thomas E. DODSON, Claimant, Plaintiff-Appellant,**

v.

**EIDAL MANUFACTURING COMPANY, Employer, and the Mountain States Mutual Casualty Company, Insurer, Defendants-Appellees.**

**No. 7118.**

Supreme Court of New Mexico.

March 18, 1963.

Sheehan, Duhigg & Christensen, Albuquerque, for appellant.

W. A. Keleher, John B. Tittmann, Albuquerque, for appellees.

NOBLE, Justice.

Thomas E. Dodson, claimant, has appealed from a judgment denying him recovery for workmen's compensation.

Claim was made for compensable injuries occurring on October 10, 1960 and on November 8, 1960. Claimant suffered a cut to the back of his hand, in the course of his employment, on October 10, 1960, and was taken to a doctor who closed the wound and returned him to work the same day. On November 8, 1960, while at work, the claimant became ill and was taken to a hospital where an operation was performed for a duodenal ulcer which had perforated the stomach lining. A gastrectomy was later performed to complete the ulcer surgery and treatment.

Claimant asserts that the cut on the back of his left hand resulted in a ten per cent disability to his hand or a five per cent disability to the whole body, and that he is totally and permanently disabled as a result of the ruptured ulcer. He contends that the ulcer ruptured because he was either struck or brushed in the stomach by a span of channel iron on which he was working.

The facts found by the trial court are those upon which the case rests in the appellate court unless such findings are directly attacked and set aside by this court. Dowaliby v. Fleming, 69 N.M. 60, 364 P.2d 126.

The trial court determined that the cut suffered to claimant's hand did not result in

**8**

a disability and that the perforated ulcer was not caused by an accidental injury sustained by claimant, arising out of and in the course of his employment, and hence, there was no compensable claim under § 59–10–13.2, N.M.S.A. 1953. The court made the two following ultimate findings of fact:

"1. That the perforated ulcer suffered by plaintiff on November 8, 1960 was not caused by any acts which occurred in the course of his employment.

"2. That the cut suffered by plaintiff on his left hand in October of 1960 did not and does not now disable him to any degree."

The findings are attacked as lacking substantial support in the evidence. The assertion of error is the refusal of the trial court to adopt contrary findings requested by claimant, who argues that the evidence substantially supports his requested findings. We have reviewed the evidence and find it to be conflicting. It is not the function of an appellate court to weigh conflicting evidence. The weight to be given the evidence and the credibility of witnesses are matters to be determined by the trier of the facts. Dowaliby v. Fleming, supra; Luna v. Flores, 64 N.M. 312, 328 P.2d 82.

The findings made by the trial court being supported by substantial evidence, it was not error to refuse contrary findings.

Parks v. McIntosh, 68 N.M. 324, 361 P.2d 949; Clodfelter v. Reynolds, 68 N.M. 61, 358 P.2d 626. The trial court resolved the conflict and we will not disturb the court's finding. Fitzgerald v. Fitzgerald, 70 N.M. 11, 369 P.2d 398; Entertainment Corporation of America v. Halberg, 69 N.M. 104, 364 P.2d 358. Other collateral questions are argued but have either been resolved by what has been said, found to be without merit, or unnecessary to determine.

The judgment will be affirmed. It Is So Ordered.

COMPTON, C. J., and CHAVEZ, J., concur.