390 P.2d 656

**Helen GAMBOA, Plaintiff-Appellant,**

v.

**LEE MACK LAUNDRY and Pacific Indemnity Company, Defendants-Appellees.**

No. 7380.

Supreme Court of New Mexico.

March 23, 1964.

William W. Osborn, Roswell, for appellant.

Frazier & Cusack, William J. Schnedar, Roswell, for appellees.

CARMODY, Justice.

This appeal is from a judgment denying recovery to a workmen's compensation claimant.

The trial court found that the claimant had wholly failed to prove that she suffered an accident or injury arising out of or in the course of her employment.

Claimant strenuously asserts that the substantial evidence introduced by her required the trial court to find that the acci-

dent and injury occurred during the course of her employment as a pants presser. The main thrust of claimant's argument is that because this court favors a liberal construction of the Workmen's Compensation Act, that therefore the trial court erred in making the finding it did.

 The policy of liberal construction requires no citation of authority, as statements with reference thereto are abundant in our case law. The able trial judge was, we are sure, just as cognizant of this policy as are we. However, to sustain claimant's position would, in effect, make this court the trier of the facts and ignore the findings made by the trial court, based not only upon the testimony of the witnesses but on that court's observation of the witnesses' demeanor and conduct on the witness stand. This we decline to do. While there is testimony under which the trial court might have found to the contrary, a careful review of the evidence convinces us that there was substantial evidence supporting the findings of fact made by the trial court that the accident or injury did not arise out of or in the course of the employment of the claimant. Upon controverted issues of fact, we will not substitute our judgment for that of the trial court. See Grisham v. Nelms, 1962, 71 N.M. 37, 376 P.2d 1, and Utter v. Marsh Sales Company, 1963, 71 N.M. 335, 378 P. 2d 374, which are two of our very recent cases involving rejection of workmen's compensation claims on the basis of the findings of the trial court and where many of our prior cases are cited.

There was no error on the part of the trial court, and the judgment is affirmed. It is so ordered.

COMPTON, C. J., and MOISE, J., concur.