398 P.2d 54

James E. DOTSON, Plaintiff-Appellant,

v.

FARMER'S INCORPORATED and Maryland Casualty Company, Insurer, Defendants-Appellees.

No. 7542.

Supreme Court of New Mexico.

Jan. 4, 1965.

J. Lee Cathey, Carlsbad, for appellant.

Sanders & Bruin, B. R. Baldock, Roswell, for appellees.

COMPTON, Justice.

The claimant appeals from a judgment denying his claim for workmen's compensation.

The appellant was employed by the appellee, Farmer's Incorporated, on or about October 19, 1962, as a cotton ginner. The injury he claims to have sustained on October 24, 1962, is paralysis of the ulnar nerve and carpal tunnel entrapment of each of his arms, resulting in a functional disability of the right hand of 50% to 60% and of the left hand of 15% to 25%, while so employed by said appellee.

The evidence consisted of medical and other testimony, photographic exhibits of cotton gin stands, and a courtroom demonstration by the appellant. With the consent of all the parties, the appellant made an actual demonstration at the appellee's cotton gin of the manner in which he performed his work. The court made the following evidentiary and ultimate findings:

"3. Plaintiff claims that on October 23, 1962, when he started his shift at 7:00 p. m., and at sometime during his work which lasted until 7:00 a. m., on October 24, 1962, he suffered an injury by accident arising out of and in the course of his employment consisting of the paralysis of the ulnar nerve and carpal tunnel entrapment of each of his arms; that his work consisted in part of pulling green and wet cotton out of the ribs of the cotton gin stands and that the work required him to be constantly leaning the weight of his body on the medial aspect of both elbows for support while he was working his forearms forewards and backwards, flexing the wrists as he pulled on the knotted fibers, and that a considerable amount of force had to be exerted in this process. As to this claim, the Court observed that the plaintiff while demonstrating the movements engaged in by him in pulling the cotton out of the ribs of the gin stands did not lean the weight of his body on his elbows and did not insert his forearms in the opening in the top of the gin

stands to a point where the carpal tunnel entrapment of the ulnar nerves of his arms would be affected in any manner. The opening in the top of the gin stand was so narrow that plaintiff could not, on account of the size of his forearms, insert his hand and forearms beyond a point where the top of the gin stand would be some two or three inches below his elbows and in actuality there could be no necessity of further inserting his forearms because the cotton to be removed from the gin stand would all be in reach of the plaintiff's fingers with the insertion of his forearms to the extent observed.

"4. The court finds that the plaintiff did not during his employment by the defendant, Farmer's Incorporated, suffer any injury by any accident arising out of or in the course of his said employment."

The court then concluded that appellant was not entitled to recover. Judgment was entered accordingly.

The appellant attacks the above findings as being unsupported by the evidence, charges error by the court in refusing to adopt his requested findings of fact and conclusions of law, and asserts that the court abused its discretion in basing these findings on its own observations, thus ignoring undisputed testimony to the contrary.

We reiterate applicable principles of law. The facts found by the trial court are the facts upon which the case rests in the Supreme Court and are binding upon us unless set aside as not supported by substantial evidence. Shelley v. Norris, 73 N.M. 148, 386 P.2d 243. This court must view the evidence, together with all reasonable inferences to be deduced therefrom, in the light most favorable to the successful party. Frederick v. Younger Van Lines, 74 N.M. 320, 393 P.2d 438, and Scott v. Transwestern Tankers, Inc., 73 N.M. 219, 387 P.2d 327.

The appellant here sought to prove that it was necessary, in the performance of his work for the employer, to rest the weight of his body on that portion of each arm through which the ulnar nerve runs, as a result of which he damaged those nerves thereby causing the injury for which he claims compensation. In support of his claim the appellant testified that in connection with pulling the cotton out of the gin ribs, he had to disengage the saws which left an opening of four to seven inches down into the ribs; that it is approximately twelve inches from the opening where his hands would commence to go into the gin stand down to the top part of the gin ribs; that in pulling cotton out of the gin ribs, his elbows would come in contact with the top of the gin stand; that he rest-

ed his arms on the gin stand as leverage on which to pull; that he usually rested the back of his arms on the gin stand in pulling cotton out of the ribs.

■ The substance of the medical testimony is that a single compression to the median aspect of the elbows, under any logical circumstances, would cause such a condition as the appellant suffers; that if he performed his work in the manner claimed this condition could have resulted; that an arthritic condition present at the elbow level of the appellant's right arm could have produced the same symptoms in that arm. The appellant's doctor testified that in his opinion the cause of the appellant's trouble was compression of the ulnar nerve at the elbow in the process of working at the cotton gin, and that he could think of no other condition to explain it. There is no question but that the appellant suffers from the condition medically described, but where the evidence is conflicting, the weight to be given to the testimony and to the credibility of the witnesses is for the trier of the facts. Utter v. Marsh Sales Company, 71 N.M. 335, 378 P.2d 374; Grisham v. Nelms, 71 N.M. 37, 376 P.2d 1.

■■ Viewing the evidence in its most favorable light, we conclude that the knowledge gained by the court's observations, coupled with other evidence produced at the trial, substantially supports the findings and conclusions of the court. It follows that the refusal of the requested findings and conclusions to the contrary was not error. Herrera v. C & R Paving Company, 73 N.M. 237, 387 P.2d 339.

■ With respect to whether facts personally observed by the court with the consent of the parties may be considered as evidence with findings based thereon, at least in part, attention is directed to the recent opinion in Board of County Commissioners of Dona Ana County v. Little, 74 N.M. 605, 396 P.2d 591, dated November 9, 1964, not yet reported. There, the trial judge, on four separate occasions, viewed premises for which consequential damage was sought as the result of condemnation proceedings. At least one viewing was requested by the defendants. In that case, we said:

"* * * The fact trier is permitted to use the knowledge gained by a view of the premises, not only to interpret the evidence offered, but also as independent evidence of the facts as these appear to him. Damage or nondamage can be ascertained upon this combination of evidence. Board of Commissioners of Dona Ana County v. Gardner, 1953, 57 N.M. 478, 260 P.2d 682. * * *"

We reaffirm what was there said. The above statement is particularly pertinent to the instant case, inasmuch as the view by the court was at the specific request of appellant, who stated, "We would request that if the Court would like to go out to the actual scene, and, in fact, Mr. Dotson could go along and demonstrate for the Court exactly how he was pulling these objects out of that gin."

We note in connection with the second sentence of finding No. 3 the parties agree that the use by the court of the term "carpal tunnel entrapment" was incorrect. Be that as it may, the finding clearly indicates that the appellant's demonstration to the court as to how he sustained the injury was in conflict with his testimony at the trial.

The additional point raised by the appellant relates to attorney's fees. Since attorney's fees may only be awarded to a compensation claimant when there has been a recovery of compensation by him, no such fees may be awarded in this action. Employers Mutual Liability Ins. Co. of Wis. v. Jarde, 73 N.M. 371, 388 P.2d 382.

The judgment should be affirmed. It is so ordered.

CARMODY, C. J., and NOBLE, J., concur.