419 P.2d 453

Jerry PACK and Motors Insurance Corporation, Plaintiffs-Appellants,

v.

Lawson READ, Defendant-Appellee.

No. 8110.

Supreme Court of New Mexico.

Oct. 24, 1966.

Gore & Nieves, Clovis, for appellants.

## OPINION

WALDO SPIESS, Judge, Court of Appeals.

Plaintiffs, Jerry Pack and Motors Insurance Corporation, brought this action to recover for damages to Pack's automobile alleged to have resulted from the negligence of the defendant, Lawson Read. The issues were tried by the court without a jury. After requested findings and conclusions by both plaintiffs and defendant the trial court found the issues for defendant and entered judgment accordingly, from which this appeal is prosecuted.

The trial court found in substance that on May 21, 1965, defendant was driving a pick-up truck in a southerly direction on U. S. highway 70 and towing a farm machine known as a "land leveler" behind the pick-up truck. At the time plaintiff Pack's automobile was parked approximately five feet west of and parallel to the southbound lane of the highway. Immediately before the pick-up truck and the farm machine being towed reached the area where the Pack automobile was parked a mechanical failure consisting of the breaking of a bolt occurred which permitted the farm machine to swerve from side to side causing a collision between the farm machine and the Pack automobile.

The trial court declined to find negligence on the part of the defendant but on the contrary found that the collision was not caused by negligence and concluded that it was unavoidable.

Plaintiffs rely upon three points for reversal. The first point they state as follows: "The doctrine of res ipsa loquitur was applicable to the case as made out by appellants and the court erred in refusing to so find * * *." Plaintiffs' argument under their first point as we understand it is that the evidence adduced by them at the trial aided by the doctrine of res ipsa loquitur established a prima facie case in

their favor. To overcome the case so established and avoid an adverse judgment defendant had the burden of meeting or balancing the inference of negligence arising under the doctrine. In this he failed in that his explanation of the cause of the collision neither met nor balanced the inference.

A difficulty with plaintiffs' argument lies in the application of the doctrine of res ipsa loquitur. They would treat it as compelling an inference of negligence, whereas, we have uniformly held that the doctrine permits but does not require the fact finder to draw an inference of negligence. Renfro v. J. D. Coggins Company, 71 N.M. 310, 378 P.2d 130 (1963); McFall v. Shelley, 70 N.M. 390, 374 P.2d 141 (1962); Tuso v. Markey, 61 N.M. 77, 294 P.2d 1102 (1956).

In Tuso v. Markey, supra, we approvingly quoted Dean Prosser's statement of the doctrine in the following language:

"'In the ordinary case res ipsa loquitur merely permits the jury to choose the inference of the defendant's negligence in preference to other permissible inferences. It avoids a nonsuit and gets the plaintiff to the jury; but a verdict for the defendant will be affirmed even though he offers no evidence.'"

A further difficulty with the argument advanced by plaintiffs is that defendant's explanation of the cause of the collision satisfied the mind of the court that the accident was not the result of negligence on his part. The court, therefore, rejected any inference of culpability which might have arisen from the operation of the doctrine.

Plaintiffs next contend that the evidence elicited at the trial in support of their charge of negligence proved that defendant's acts amounted to negligence on his part which proximately caused the collision and resulting damage. Error is asserted in the refusal of the trial court to make applicable requested findings and in making contrary findings.

In argument plaintiffs contend that defendant's negligence resulted from his violation of certain traffic regulations, namely, the transporting of an overwidth load upon the highway without having procured an authorizing permit and in failing to place warning flags upon the implement being towed. While the evidence may have established conclusively that defendant did violate the statutory regulations mentioned and consequently was guilty of negligence as a matter of law, plaintiffs still had the burden of establishing a causal connection between such negligence and the collision. Williams v. Neff, 64 N.M. 182, 326 P.2d 1073 (1958). It is fundamental that negligence relied upon must be the proximate cause of the accident. Turner v. McGee, 68 N.M. 191, 360 P.2d 383 (1961). The rule is no different though the negligence

asserted results from the violation of a statutory requirement. Hartford Fire Insurance Co. v. Horne, 65 N.M. 440, 338 P.2d 1067 (1959).

■ From our examination of the record we find no causal connection between the claimed acts of negligence and the collision. The trial court, likewise, found no such causal connection as is indicated by its express finding that neither the width of the farm implement, the absence of flags, or the failure to have a permit, singly or collectively was or were the proximate cause of the collision.

■■ Plaintiffs likewise argue that the evidence conclusively shows that defendant was exceeding the speed limit and that such violation was a proximate cause of the accident and resulting damage. The evidence is conflicting as to the speed at which defendant was operating his pick-up truck at the time of the accident. The trial court resolved the conflict and found that defendant was driving within the lawful speed requirements applicable at the time and place. The finding is based upon substantial evidence and is, therefore, binding upon this court. Dotson v. Farmers, Inc., 74 N.M. 725, 398 P.2d 54 (1965); Utter v. Marsh Sales Co., 71 N.M. 335, 378 P.2d 374 (1963).

■ Plaintiffs finally assert error based upon the trial court's remarks at the conclusion of the testimony which they claim

indicate that the decision was based partly or wholly upon erroneous conclusions and speculation unsupported by evidence. This contention is clearly without merit for the reason that an oral opinion is not a "decision" as contemplated by Rule 52(B) (a) (1) (2) (3) (4), Sec. 21–1–1 (52)(B) (a) (1) (2) (3) (4), N.M.S.A., 1953, and error cannot be predicated thereon. Mirabal v. Robert E. McKee, General Contractor, 74 N.M. 455, 457, 394 P.2d 851 (1964).

We hold the points argued by plaintiffs to be without merit from which it follows that the judgment appealed from should be affirmed.

It is so ordered.

CHAVEZ and COMPTON, JJ., concur.