423 P.2d 407

Clara ARRETCHE, Executrix of the Estate of Filberto Arretche, Deceased, and the Grants State Bank, Trustee, Plaintiffs-Appellees,

v.

Benigno GRIEGO and Lucinda Griego, his wife, Defendants-Appellants.

No. 8088.

Supreme Court of New Mexico.

Jan. 16, 1967.

Rehearing Denied Feb. 8, 1967.

Matteucci, Gutierrez, Franchini & Calkins, Albuquerque, for appellants.

Modrall, Seymour, Sperling, Roehl & Harris, Leland S. Sedberry, Albuquerque, for appellees.

## OPINION

JOE W. WOOD, Judge, Court of Appeals.

Defendants' appeal involves a review of the evidence and requires a decision on two issues: (1) whether there is evidence to support findings that no gift was made and that a deed of trust was not released and (2) whether under the evidence the trial court properly refused to find that a settlement agreement had been made.

We hold that there is substantial evidence to support the findings of no gift and no release of the deed of trust. We also hold that the trial court could properly refuse to find that there had been a settlement agreement. These holdings make it unnecessary to decide the other questions presented, one of which is whether decedent was mentally competent. For the purposes of this appeal, we have assumed that decedent was mentally competent.

Defendants executed a promissory note to Filberto Arretche and secured payment of the note by a deed of trust on certain real estate. This transaction was a consolidation of two prior notes and mortgages. The note was not paid when due. The executrix of Mr. Arretche's estate and the trustee under the deed of trust sued to collect the note and to foreclose the deed of trust.

Defendants contend that Mr. Arretche made a gift to them of the indebtedness represented by the note and that the gift is evidenced by a release. As an alternative defense they claim an agreement with Mr. Arretche to settle the indebtedness for an

amount less than the balance due on the note.

The trial court found that no gift had been made to the defendants of the indebtedness due under the note and that the deed of trust had not been released or discharged. Defendants assert that "overwhelming" evidence shows to the contrary. Admittedly, the evidence is conflicting. However, on appellate review, the evidence is viewed in a light most favorable to support the court's findings. Beyer v. Montoya, 75 N.M. 228, 402 P.2d 960. This rule of appellate review applies to findings concerning gifts. Lindley v. Lindley, 67 N.M. 439, 356 P.2d 455.

The circumstances of the alleged gift and the claimed settlement agreement are interrelated. The events occurred as follows:

In October 1963 defendants made unsuccessful efforts to raise the money with which to pay the note. In that same month Mr. Arretche refused to accept $10,000 and a note for $7,500 secured by a second mortgage. He wanted "all his money."

In November 1963 Mr. Arretche wrote to his attorney asking advice as to what to do. His attorney made formal demand for payment on November 22, 1963.

On December 13, 1963, Mr. Griego contacted the attorney and was referred to Mr. Arretche. Mr. Arretche informed Mr. Griego that whatever his attorney did was all right with him.

Sometime in December defendants made verbal application to the First National Bank in Grants for a loan of $14,000 secured by a first mortgage. On December 24, 1963, the bank approved the loan.

According to Mr. Griego, on December 26, 1963, Mr. Arretche informed him that he wanted to release the deed of trust to defendants.

On December 27, 1963, defendants signed the note and mortgage in connection with the loan from the First National Bank.

On December 28, 1963, a release of the deed of trust, properly filled in, was purportedly signed by Mr. Arretche.

On January 2, 1964, Mr. Arretche was hospitalized for a cerebral vascular accident. He went home on January 5, 1964.

On January 8, 1964, he was rehospitalized, remaining in the hospital until his death on January 21, 1964.

On January 30, 1964, Mr. Griego told attorney Hale (who prepared the loan papers for the First National Bank) that he had an agreement with Mr. Arretche to release everything without payment.

Between January 30 and February 3, 1964, Mr. Griego exhibited to attorney Hale a release of mortgage form signed by Mr. Arretche and bearing the signature of a witness. The release was not filled in nor dated.

On February 3, 1964, Mr. Griego informed attorney Hale to "cancel" the loan with the bank.

■ Two of the elements of a valid gift are donative intent and a present gift fully executed. Lusk v. Daugherty, 61 N.M. 196, 297 P.2d 333. Mr. Arretche's statements and actions antedating the alleged gift are relevant and material on the issue of donative intent. Lusk v. Daugherty, supra. His statements and actions through December 13, 1963, have been outlined above.

Mr. Gunderson, a director of the bank, spoke with Mr. Arretche concerning Mr. Griego's loan application. The date of the conversation is not clearly established, but it was prior to December 26, 1963. On the date of that conversation, Mr. Arretche was not "in a mood to give anything to anybody."

Defendants' actions in signing the papers for the new bank loan on December 27, 1963, are inconsistent with a verbal gift on December 26, 1963, of the indebtedness against which the new loan was to be applied.

Defendants' exhibition of a signed, but blank, release on or after January 30, 1964, is inconsistent with an executed release on December 28, 1963.

■ We have not recited all the evidence. The above evidence is substantial and supports the finding of the trial court that no gift had been made and that the deed of trust had not been released or discharged.

The trial court refused to find that Mr. Arretche agreed to accept a lesser sum in settlement of defendants' indebtedness. Defendants claim that evidence of an agreement to accept a lesser sum is uncontradicted.

It is undisputed that defendants applied for a loan of $14,000, that the bank agreed to the loan on the condition it was secured by a first mortgage and that Mr. Gunderson talked to Mr. Arretche about the loan. Mr. Griego testified that Mr. Arretche agreed to accept a lesser amount in settlement. Apart from Mr. Griego, there is no testimony that Mr. Arretche agreed to accept a lesser amount.

The purpose of Mr. Gunderson's conversation with Mr. Arretche was "to discuss with him how the procedure worked in closing the loan." Mr. Gunderson was protecting the bank's interest. The conversation took place after the loan had been approved. Mr. Gunderson did not testify that Mr. Arretche agreed to a lesser sum in settlement.

Mr. Burns, the official who handled the loan for the bank, "believed" that Mr. Arretche approved the transaction after the conversation with Mr. Gunderson. Mr. Burns did not, in fact could not, speak with Mr. Arretche about the loan since he spoke

no Spanish and Mr. Arretche spoke no English.

Mr. Griego testified that Mr. Arretche agreed to accept $10,000 in December. He had previously rejected this same amount plus a second mortgage to secure an additional $7,500.

The bank officials understood that $12,000 of the $14,000 loan was to go to Mr. Arretche. Mr. Griego testified to $10,000. The bank officials understood that $12,000 would "pay off" the indebtedness. All their information about the indebtedness came from Mr. Griego. It was at a later date that Mr. Griego informed them that the balance on the note exceeded $17,000.

Mr. Iriart was a friend and former employee of Mr. Arretche. Two or three weeks before Christmas Mr. Griego asked Mr. Iriart "would we make him [Arretche] sign those papers—make him take that money." This was in reference to Mr. Griego's efforts to effect a settlement for a lesser amount.

Mr. Arretche was indignant about defendants' failure to pay. It was difficult to talk to him about the defendants because he would get so upset. Mr. Arretche was elderly, wanted to return to his native France, and felt that the defendants were preventing his return.

There is evidence that Mr. Arretche was having difficulty with his memory. When Mr. Griego talked to Mr. Arretche about accepting a lesser amount in settlement, Mr. Griego discussed the indebtedness in terms of the original loans—not the consolidated note.

Both Mr. Gunderson and Mr. Griego informed Mr. Arretche that he would have to sign a "release" in order to get "his money."

The above evidence, considered with Mr. Arretche's desire for "all his money" in October and his reliance on his attorney in December, shows suspicious circumstances surrounding the transaction testified to by Mr. Griego. In such a situation, the trial court could deny full credence to Mr. Griego's testimony. Medler v. Henry, 44 N.M. 275, 101 P.2d 398; Bell v. Kenneth P. Thompson Co., 76 N.M. 420, 415 P.2d 546. This court will not substitute its judgment for that of the trial court as to the credibility of the witness. Beacon Supply Co. v. American Fiber Corp., 75 N.M. 29, 399 P.2d 927; Bell v. Kenneth P. Thompson Co., supra.

The claimed settlement agreement was an affirmative defense. Section 21-1-1(8) (c), N.M.S.A.1953. Defendants had the burden of proof on this defense. At the close of the evidence, the trial court ruled that the proof was insufficient. Denial of the request to find a settlement agreement was proper.

The judgment is affirmed. It is so ordered. .

MOISE and CARMODY, JJ., concur.