426 P.2d 789

Iva W. WILSON and Lena Wilson as dependent parents of Roy W. Wilson, deceased, Plaintiffs-Appellants,

v.

Bessie Louise MASON, Administratrix of the Estate of Sid Howard, Deceased, Successor in interest to Sid Howard & Sons, employer and U. S. Fidelity & Guaranty Company, a corporation, insurer, Defendants-Appellees.

No. 14.

Court of Appeals of New Mexico.

April 7, 1967.

Barton L. Ingraham, Norton & Ingraham, Lovington, for appellants.

Lowell Stout, Hobbs, for appellees.

# OPINION

HENSLEY, Chief Judge.

A minor child of the plaintiffs was accidentally killed in the course of his employment. This action against the employer and the insurance carrier was brought to recover death benefits under the Workmen's Compensation Act.

After taking the depositions of the plaintiffs the defendants moved for summary judgment. From an order granting summary judgment in favor of the defendants the plaintiffs bring this appeal.

The sole question presented for determination is whether or not the parents, appellants herein, were "dependents" as defined by the applicable New Mexico statute. Section 59–10–12.10, N.M.S.A.1953 (Repl.1960 Supp.1965), provides:

"Dependents.—As used in the Workmen's Compensation Act, unless the context otherwise requires, the following persons, and they only, shall be deemed dependents and entitled to compensation under the provisions of the Workmen's Compensation Act:

"* * * D. A parent or grandparent only if actually dependent, wholly or partially, upon the deceased. * * *

"The relation of dependency must exist at the time of the injury."

The motion for summary judgment was based upon the depositions of the plaintiffs. The depositions of both plaintiffs were in accord with each other and disclosed that the son was eighteen years old at the time of his death. The son had just completed his high school education and had planned to enter college after the summer vacation. Earnings from his employment were deposited in a commercial bank in a joint account under his name and that of his mother. The mother made no deposits to the account nor had she made any withdrawals prior to her son's death. The money in the account was to be spent by the son in meeting obligations to be incurred in college. The father was the operator of his own business with a net income of

approximately $3,000.00 per year. The mother was the postmistress at Maljamar and her salary was $5,200.00 per year. The parents owned their home and furniture and had accumulated modest savings. The parents claimed the son as a dependent for income tax purposes. Both parents stated that they were not dependent upon the son for their support at the time of his death, and that he had never given them any money for their support. Further, each of them stated that they were fully able to support themselves and were not dependent upon the son to any extent at the time of his death.

The appellants contend that the earnings of the son to be used by him to buy clothes for college wear and to supplement the financial aid to be furnished by them in pursuit of his college education constitutes support. They argue that since this is in part a discharge of their obligation that it is equivalent to partial dependency.

Dependency under our statute is a question of fact. It depends upon whether the deceased employee had actually contributed to claimant's support and whether claimant relied upon such contributions in whole or in part for his livelihood. Ferris v. Thomas Drilling Co., 62 N.M. 283, 309 P.2d 225 (1957), and cases therein cited.

The contributions of the child to a fund for his own education does not establish the parents' dependency because the contribution was not for the support of his parents. Plaintiffs' own testimony is undisputed and shows that they did not meet the required test of dependency.

We are aware that our Workmen's Compensation Act is to be liberally construed in order that its beneficent purposes may not be thwarted. Armijo v. Middle Rio Grande Conservancy District, 59 N.M. 231, 282 P.2d 712 (1955); Montell v. Orndorff, 67 N.M. 156, 353 P.2d 680 (1960); Kosmicki v. Aspen Drilling Co., 76 N.M. 234, 414 P.2d 214 (1966). There is no construction, regardless of how liberal, that can be given to the requirements of the statute to justify a conclusion different from that of the trial court.

The order granting summary judgment will be affirmed.

It is so ordered.

SPIESS and WOOD, JJ., concur.