No. 44,933

Mary Waneta Ippolito, *Appellant*, v. Katz Drug Company, Inc. and Pacific Employers Insurance Company, *Appellees*.

(429 P. 2d 101)

Opinion filed June 10, 1967.

*John E. Bohannon,* of Topeka, argued the cause and was on the briefs for appellant.

*Herbert A. Marshall,* of Topeka, argued the cause, and *Doral H. Hawks, E. Gene McKinney* and *Wayne E. Hundley,* of Topeka, were with him on the briefs for appellees.

The opinion of the court was delivered by

Fatzer, J.: In this workmen's compensation case the examiner and the director of workmen's compensation found that on May 23, 1962, the claimant met with personal injury by accident when she went to the storeroom of the respondent's Topeka store to secure coke syrup to put into the coke machine at the fountain, and suffered a sharp pain in her back when she reached down and picked up the carton and commenced to lift it, which arose out of and in the course of her employment with respondent, and was compensable. Upon appeal and review of the record, the district court made findings of fact and conclusions of law denying compensation, as follows:

"Findings of Fact

"1. The relationship of employer and employee existed between Katz Drug Company and Mary Waneta Ippolito during the month of May, 1962.

"2. The parties are governed by the Kansas Workmen's Compensation Law.

"3. Written claim for compensation was made within the time required by law.

"4. Claimant's average weekly wage at the time of her employment at Katz was $38 per week.

"5. No notice of accident was given by claimant to respondent within the time required by law.

"6. Claimant did not meet with personal injury by accident arising out of and in the course of her employment at Katz Drug Company.

"7. Claimant's condition which required the medical and hospital treatment is not shown to have been caused or aggravated by her employment.

"CONCLUSIONS OF LAW

"Claimant is not entitled to an award of compensation against respondent, and judgment should be entered in favor of respondent and insurance carrier, and against claimant."

The sole question presented for appellate review is whether there was substantial evidence to support the district court's finding that the claimant did not sustain accidental compensable personal injury on May 23, 1962.

Whether the disability of a workman is due to an accident arising out of and in the course of his employment is a question of fact and when determined by the district court will not be disturbed by this court, where there is substantial evidence to sustain it. (*Kafka v. Edwards*, 182 Kan. 568, 322 P. 2d 785; *Allen v. Goodyear Tire & Rubber Co.*, 184 Kan. 184, 334 P. 2d 370.) In *Heer v. Hankamer Excavating Co.*, 184 Kan. 186, it was said:

". . . It has been held many times that in reviewing the record in a workmen's compensation case our task is to determine whether there is any evidence which supports the judgment rendered, which is required to be considered in the light most favorable to the prevailing party below, and, if there is any evidence to support the judgment it must be affirmed even though the record discloses evidence which might warrant the district court making a finding to the contrary. (*Barr v. Builders, Inc.*, supra; *Pinkston v. Rice Motor Co.*, 180 Kan. 295, 303 P. 2d 197; *Shobe v. Tobin Construction Co.*, 179 Kan. 43, 292 P. 2d 729.) Numerous decisions of like import will be found in 9 West's Kansas Digest, Workmen's Compensation, §§ 1940-1969, and 5 Hatcher's Kansas Digest (Rev. Ed.), Workmen's Compensation, § 153." (l. c. 187.)

Does the record disclose substantial evidence to sustain the factual findings of the district court? As in all cases of this character, that is the decisive question. It would serve no useful purpose to extend this opinion by making an extensive review of the evidence of the parties. It is sufficient to say there was evidence on the part of the claimant which, if believed by the district court, would warrant an award of compensation, but upon a careful review of the record we are of the opinion there was substantial evidence to sustain the district court's findings the claimant did not sustain accidental compensable injury on May 23, 1962. In *Allen v. Goodyear Tire & Rubber Co.*, supra, it was said:

". . . It is not for us to say what testimony should be given credence and what evidence should be disbelieved. We have neither the duty nor the authority to weigh the evidence, and it is of no consequence that if we had been the triers of fact we might have reached a conclusion with respect to the facts different from that of the trial court . . ." (l. c. 186.)

See, also, *Jones v. City of Dodge City*, 194 Kan. 777, 402 P. 2d 108.

Although this court may feel the weight of the evidence, as a whole, is against the findings of fact so made, it may not disturb those findings when they are supported by substantial evidence. Considering the evidence and all the facts and circumstances, we are of the opinion the record discloses substantial evidence to support the findings and judgment of the district court denying an award of compensation, and that judgment is affirmed.