444 P.2d 996

Joe E. LOPEZ and Delma Lopez, his wife, Plaintiffs-Appellants,

v.

SCHULTZ & LINDSAY CONSTRUCTION COMPANY, employer, Employer's Life Insurance Company, Insurer, Defendants-Appellees.

No. 144.

Court of Appeals of New Mexico.

Aug. 9, 1968.

Certiorari Denied Sept. 12, 1968.

James A. Scarborough, Espanola, for appellant.

Richard S. Morris, Sumner Buell, Montgomery, Federici, Andrews, Hannas & Morris, Santa Fe, for appellee.

## OPINION

OMAN, Judge.

Plaintiffs have appealed from a judgment denying their claim and dismissing their complaint for workmen's compensation benefits. They sought recovery of benefits as a dependent father and mother of their deceased son under § 59–10–18.7 (D), N.M.S.A. 1953, which provides in part:

"D. If there be neither widow, widower, nor children, compensation may be paid to the father and mother or the survivor of them, if dependent to any extent upon the workman for support at the time of the workman's death, * * *."

The workman in this case was a nineteen year old son of plaintiffs, who had just completed one year of college away from home. He had financed this year of college from his earnings and from an educational loan obtained by him. His parents had contributed very little to his college expenses. He died on August 11, 1966, as a result of an accidental injury which arose out of and in the course of his employment. He left no widow or children.

■ If there is substantial support in the evidence for the finding that plaintiffs were not dependent to any extent upon the decedent within the meaning, purpose and intent of our Workmen's Compensation Act, then plaintiffs must fail on this appeal. Jacquez v. McKinney, 78 N.M. 641, 436 P.2d 501 (1968); Geeslin v. Goodno, Inc., 75 N.M. 174, 402 P.2d 156 (1965); Gamboa v. Lee Mack Laundry, 74 N.M. 68, 390 P.2d 656 (1964); Hales v. Van Cleave, 78 N.M. 181, 429 P.2d 379 (Ct.App. 1967).

The findings which are pertinent to the question of dependency are as follows:

"5. Plaintiff Jose G. Lopez was employed as a seasonal employee with the Zia Company at Los Alamos, New Mexico during the years 1965 and 1966 and received income from such employment, from miscellaneous employment and from Unemployment Compensation in excess of $4,000.00 in the year 1966 and also in the year 1965.

"6. During the summer of 1966 the decedent, Charles M. Lopez, contributed some money to the plaintiffs, but such contributions were not substantial, not regularly made and not relied upon by plaintiffs for their support and livelihood.

"7. Plaintiffs were not dependent to any extent upon the decedent, Charles M. Lopez, within the meaning, purpose and intent of the New Mexico Workmen's Compensation Act."

■ We are of the opinion that these findings are supported by substantial evidence. In addition to what is hereinabove recited by way of facts, the record shows the father was forty-one years of age, in good health, and earning in excess of

$4,000.00 per year. He and his wife owned their home and eight acres of farm land, part of which was cultivated as an orchard and the remainder of which was planted to other crops. The home was apparently subject to a mortgage indebtedness in the amount of three or four hundred dollars. Plaintiffs had one daughter dependent upon them.

The son lived at home at least part of the time during the summers, and he did make some contributions to the support of the family. But, as found by the trial court, these were not substantial, were not regularly made, and were not relied upon by plaintiffs for their support and livelihood. The father was employed by the Zia Company, but had gone out on strike just two days before his son's death. As a result of the strike he was absent from work without pay for the period of August 9 through August 31, 1966.

■ Dependency, under our Workmen's Compensation Act, is a question of fact to be decided in each case upon the particular facts of that case. Ferris v. Thomas Drilling Co., 62 N.M. 283, 309 P.2d 225 (1957); Wilson v. Mason, 78 N.M. 27, 426 P.2d 789 (Ct.App.1967).

■ Even if we were to feel the evidence sufficient to have supported a finding of partial dependency, still the question was one to be resolved by the trier of the facts. In workmen's compensation cases, as in other cases, the findings of the trial court are the findings upon which the case must rest on appeal, unless directly attacked and set aside. Dodson v. Eidal Manufacturing Co., 72 N.M. 6, 380 P.2d 16 (1963); La Rue v. Johnson, 47 N.M. 260, 141 P.2d 321 (1943); Christensen v. Dysart, 42 N.M. 107, 76 P.2d 1 (1938); see also §§ 59–10–13.9 and 59–10–16.1, N.M. S.A.1953.

■ In viewing the evidence to determine whether or not it substantially supports the findings, it must be viewed, together with all reasonable inferences deducible therefrom, in the light most favorable to support the findings. Geeslin v. Goodno, Inc., supra; Sessing v. Yates Drilling Co., 74 N.M. 550, 395 P.2d 824 (1964).

■ The credibility of the witnesses and the weight to be given their testimony are to be determined by the trial court and not by the appellate court. Dotson v. Farmers, Incorporated, 74 N.M. 725, 398 P.2d 54 (1965); Hales v. Van Cleave, supra. The appellate court may not properly substitute its judgment for that of the trial court as to the credibility of any witness or as to the weight to be given his testimony. Crumpacker v. Adams, 77 N.M. 633, 426 P.2d 781 (1967); Arretche v. Griego, 77 N.M. 364, 423 P.2d 407 (1967); Bell v. Kenneth P. Thompson Co., 76 N.M. 420, 415 P.2d 546 (1966). It is not for the appellate court to say what testimony should be given credence and what should be disbelieved. Ippolito v. Katz Drug Co., 199 Kan. 309, 429 P.2d 101 (1967).

■ Although we are firmly committed to the view that our Workmen's Compensation Act must be liberally construed to effect its purpose, this view of liberal construction applies only to the law and not to the facts. Guidry v. Petty Concrete Co., 77 N.M. 531, 424 P.2d 806 (1967); Mascarenas v. Kennedy, 74 N.M. 665, 397 P.2d 312 (1964).

■ On appeal only that evidence and the reasonable inferences to be drawn therefrom which support the findings will be considered. All evidence unfavorable to the findings will be disregarded. Nance v. Dabau, 78 N.M. 250, 430 P.2d 747 (1967); Luna v. Flores, 64 N.M. 312, 328 P.2d 82 (1958); Taylor v. McBee, 78 N.M. 503, 433 P.2d 88 (Ct.App.1967).

The plaintiffs' other points relied upon for reversal have been considered. All are dependent upon the sufficiency of the evidence to support the court's findings, and the adequacy of the findings themselves. As above stated, we are of the opinion that the evidence supports the find-

ings. The findings adequately support the conclusions. Nothing more is required.

The judgment should be affirmed.

It is so ordered.

SPIESS, C. J., concurs.

ARMIJO, J., dissenting.

ARMIJO, Judge (dissenting).

In my opinion, the court misinterpreted the Workmen's Compensation Act and failed to apply the facts controlling to the instant case.

Undisputed facts developed in the trial, in addition to those related by the majority, were: appellants' son went to work for appellee-employer in Albuquerque on June 28, 1966 and died August 11, 1966. His total earnings for the period were approximately $242.00. During this time he received one paycheck of $33.00 and gave his parents $20.00 from these earnings which they used for family purposes. (Other earnings were received by them after his death.) Shortly before his death, and after it became apparent that his father would be receiving no income because of an impending strike, he assured his parents that he would continue to assist them financially. At the time of the workman's death it was not known how long his father would be without income because of the strike. Additionally, the record shows decedent contributed to his parents in cash, and by other means, during the summer months of 1965 and 1966.

Appellants were persons of modest means. They lived in Truchas; the husband had seasonal employment at Los Alamos; the wife attended to household duties and was not gainfully employed. At the time of the son's death the father was unemployed. The major portion of his last paycheck received approximately one week prior to his son's death, was exhausted on obligations due. Appellants had no savings, were in debt and had no other independent source of income. Both parents testified they were dependent on their son for support.

In determining dependency it is necessary to establish actual contribution by the workman and reliance thereon in whole or in part by the claimants for their livelihood. Wilson v. Mason, 78 N.M. 27, 426 P.2d 789 (Ct.App.1967); Ferris v. Thomas Drilling Co., 62 N.M. 283, 309 P.2d 225 (1957).

The Workmen's Compensation Act dictates that this determination be made "at the time of the workman's death." Section 59–10–18.7(D), N.M.S.A.1953.

The majority places prime emphasis on events which transpired during a period extending for more than a year prior to the date of death. These facts and circumstances should be considered as corroborative of the ultimate fact and not determinative thereof. The statute compels determination of the ultimate fact as of the time of death and the facts as they existed at that point should determine the issue. Prior facts and circumstances should then be considered to either support or contradict.

Admittedly, liberal construction of our Workmen's Compensation Act, in order that its beneficent purpose may not be thwarted, applies to the law and not to the facts. But, is not that portion of the statute "at the time of the workman's death" part of the law? And if so, are we to say it is meaningless or ignore it?

After finding that the workman contributed money to his parents, the trial court qualified it as not being substantial, nor regularly made and not relied upon by the recipients for their support and livelihood. The substantiality of the contribution does not seem to be a controlling factor under the applicable statute unless it is without substance; however, under the facts of this case, a contribution of $20.00 from $33.00 would constitute substantial contribution. It obviously could not be classified as trivial, inconsequential or meaningless, especially when compared to the maximum compensation of $14.00 per

week, for a number of weeks limited by the Act, to which appellants would have been entitled had they prevailed.

With respect to the regularity of contributions, or lack thereof, it should be noted that decedent had just started to work. Because of the family need for assistance and other circumstances occurring shortly before his death he had made assurances of financial assistance to his parents. Under these circumstances a determination based on the number of times contribution was made seems immaterial to a decision on the ultimate fact. A prolonged history of contribution and dependency is not a prerequisite of the statute. Section 59–10–18.7(D), N.M.S.A.1953.

On the issue of reliance by appellants on their son for their support, the undisputed testimony supports a conclusion of dependency.

It would seem that if dependency existed then reliance would follow as a matter of course since to be dependent there must be reliance on assistance for the necessities of life.

The requirement is that dependency of the parents must be actual, but need only be partial, Dimas v. Albuquerque and Cerrillos Coal Co., 35 N.M. 591, 3 P.2d 1068 (1931), and there must be reliance upon such earnings in whole or in part for their livelihood. Wilson v. Mason, supra. Partial dependency means "if dependent to any extent." Ferris v. Thomas Drilling Co., supra.

The uncontradicted testimony supported the issues of contribution and reliance as of the time of the workman's death and from the trial court's announcement following the close of plaintiff's case, it cannot be said the trial court disbelieved the witnesses. Compare Dimas v. Albuquerque and Cerrillos Coal Co., supra.

The present case seems to be governed by the principles announced in Frederick v. Younger Van Lines, 74 N.M. 320, 393 P.2d 438 (1964) where it was stated:

" * * * We think it clear, however, that evidence which is unimpeached and

uncontradicted, either by direct testimony, suspicious circumstances, or adverse inferences may not be unceremoniously cast aside and disregarded, and findings diametrically opposed thereto lack support * * * "

A trier of fact may disbelieve the testimony of a witness but may not disregard it and thereby hold in effect that there is no such testimony. Wilhelm v. Workmen's Compensation Appeals Board, 255 Cal.App.2d 50, 62 Cal.Rptr. 829 (1967).

I dissent.