[No. 15109. Department One. April 4, 1919.]

LULA AUSTIN, *Respondent*, v. METROPOLITAN LIFE
INSURANCE COMPANY OF NEW YORK *et al.*,
*Appellants.*[1]

ASSAULT AND BATTERY (5) — DAMAGES — MEASURE — JUSTIFIABLE
EJECTION. In an action for assault in ejecting plaintiff from defendant's office, in which it is admitted that the ejection was lawful, the plaintiff is entitled to recover only such damages as was due to the use of excessive force, and it is error to instruct that she would recover for "any injuries" sustained.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered July 29, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort, after a trial on the merits. Reversed.

*Cannon & Ferris,* for appellants.

*Charles A. Stevens* and *J. P. Perkins,* for respondent.

MAIN, J.—The purpose of this action was to recover damages for an alleged assault and battery. The cause was tried to a jury, and resulted in a verdict for $1,000. Upon motion for a new trial, an order was entered requiring the plaintiff to remit from the verdict the sum of $500, otherwise a new trial would be granted. The plaintiff elected to accept a judgment for the reduced amount. Judgment was entered for the sum of $500, and the defendants appeal.

The appellant Metropolitan Life Insurance Company of New York, is a corporation, with an office in the city of Spokane. The appellant F. A. Laurendine was the superintendent in charge of this office. On or about February 18th, 1918, the respondent went

[1]Reported in 180 Pac. 134.

to the office of the company for the purpose of transacting some business relating to payments upon a policy which she held in the company. Some controversy arose between the respondent and those in charge of the office relative to the matter; the respondent apparently claiming that her payments entitled her to be placed upon what was known as the "office account", and the books of the company showing that she was not entitled to be carried on this particular account.

In the course of the conversation, the respondent, according to her own testimony, charged Laurendine with treating her "dirty", characterized a statement that he made as a "lie", and charged him with "thieving" from her. These statements were made in the presence of other customers in the office as well as the employees. Thereupon Laurendine directed respondent to leave the office. This she declined to do, and he took her by the left arm and conducted her to the door and she passed out. This is the assault for which damages were sought.

In submitting the case to the jury, it was stated in the instructions that, if Laurendine did, at the time and place in question, make an assault upon the respondent substantially as she claims, then both defendants are liable in damages for "any injuries" which respondent may have sustained. Error is predicated upon the giving of this instruction, it being claimed that it states to the jury an incorrect measure of damages.

The objection to the instruction is well founded. Under the plaintiff's own evidence, Laurendine was justified in directing her to leave the office, and when she failed to do so, he had a right to use such force as was reasonably necessary to eject her therefrom.

Under this state of facts, the respondent, if she was entitled to recover at all, could recover, not for "any injuries" that she may have sustained, but only such injuries as may have been due to the use of excessive force, if there were such, in removing her from the office. *Guterson v. Jensen,* 100 Wash. 113, 170 Pac. 352.

It is also claimed that the verdict, even as reduced, was grossly excessive. It is unnecessary to pass upon this objection, since a new trial must be directed on account of the error in the instructions. It may be said, however, that it is doubtful whether the evidence in the record would sustain a verdict and judgment in the sum of $500.

The judgment will be reversed, and the cause remanded for a new trial.

CHADWICK, C. J., MACKINTOSH, TOLMAN, and MITCHELL, JJ., concur.