553 P.2d 1279

**Alfred ORTIZ, a minor, by his father and next friend, Robert Ortiz, and Robert Ortiz, Individually, Respondents (Plaintiffs),**

**v.**

**Piper A. MASON, Jr., Petitioner (Defendant).**

**No. 10908.**

Supreme Court of New Mexico.

Sept. 15, 1976.

Sommer, Lawler & Scheuer, Thomas A. Simons IV, Joseph A. Sommer, Santa Fe, for petitioner.

Matias L. Chacon, Espanola, for respondents.

OPINION

MONTOYA, Justice.

This case is before us on a writ of certiorari directed to the New Mexico Court of Appeals in *Ortiz v. Mason,* No. 2226

(Ct.App., filed April 6, 1976), which reversed a judgment issued by the District Court of Los Alamos County and remanded the same for entry of judgment and assessment of damages in favor of plaintiffs.

The trial court in this case had entered judgment in favor of defendant. The Court of Appeals, in its majority opinion, based its decision primarily on the conclusion that:

"The failure of defendant to keep a proper lookout, and to stop or slow down or warn Alfred, was the proximate cause of Alfred's injury."

The findings of fact made by the trial court, and contained in the judgment entered, are as follows:

"1. All of the parties herein are residents of Los Alamos Alamos [sic] County, State of New Mexico.

"2. On 28 January 1972 defendant was driving his 1965 Chevrolet automobile in an easterly direction on the south half of Meadow Lane opposite the Chamisa Elementary School located on the southerly side of Meadow Lane in White Rock, Los Alamos County, New Mexico, at approximately 7:55 P.M. at which time it was dark.

"3. At the same time plaintiff Alfred Ortiz, a minor child between the ages of 6 and 7, suddenly and without warning darted out into Meadow Lane from the playground at Chamisa Elementary School and into the path of the 1965 Chevrolet automobile being then and there operated by the defendant.

"4. Defendant immediately applied his brakes upon observing the minor plaintiff and swerved his automobile slightly to the left but there was not sufficient opportunity or time in which to avoid a collision between the minor plaintiff and the right front of defendant's automobile, which struck the minor plaintiff.

"5. The said collision, and injuries suffered by the minor plaintiff, were not proximately caused by the negligence of the defendant."

When there is contradictory evidence as to facts presented in the trial below, and the parties have requested certain findings be made by the trial court and they are made, then the findings as made by the trial court are the ones that are before us, unless they are unsupported by substantial evidence.

In *State ex rel. Reynolds v. Lewis,* 84 N.M. 768, 775, 508 P.2d 577, 584 (1973), this court held:

"Again, in the *Tapia* case, supra ([*Tapia v. Panhandle Steel Erectors Company*] 78 N.M. 86, 89, 428 P.2d 625, 628), we stated the following:

" '* * *. It has been firmly established in this jurisdiction that only the trier of the facts may weigh the testimony, determine the credibility of witnesses, reconcile inconsistent or contradictory statements of a witness, and say where the truth lies. *Romero v. H. A. Lott, Inc.,* 70 N.M. 40, 369 P. 2d 777; *Montano v. Montoya-Saavedra,* 70 N.M. 332, 373 P.2d 824; *Sauter v. St. Michael's College,* 70 N.M. 380, 374 P.2d 134.' "

In that case we further stated:

"The basic rules enunciated by us, as to the process use [sic] to determine whether or not there is substantial evidence to support the findings made in this regard by the trial court, are clearly and concisely stated in *Tapia v. Panhandle Steel Erectors Company,* 78 N.M. 86, 89, 428 P.2d 625, 628 (1967), as follows:

" 'Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, *Wilson v. Employment Sec. Comm'n,* 74 N.M. 3, 389 P.2d 855, and has been defined as evidence of substance which establishes facts from which reasonable inferences may be drawn. *Brown v. Cobb,* 53 N.M. 169, 204 P.2d 264. On appeal, all disputed facts are resolved in favor of the suc-

cessful party, all reasonable inferences indulged in support of the verdict, all evidence and inferences to the contrary disregarded, and the evidence viewed in the aspect most favorable to the verdict. *Totah Drilling Co. v. Abraham,* 64 N.M. 380, 328 P.2d 1083; *State ex rel. Magee v. Williams,* 57 N.M. 588, 261 P.2d 131; *Sessing v. Yates Drilling Co.,* 74 N.M. 550, 395 P.2d 824; *Witt v. Marcum Drilling Co.,* 73 N.M. 466, 389 P.2d 403; *Blancett v. Homestake-Sapin Partners,* 73 N.M. 47, 385 P.2d 568. Nor does the fact that there may have been contrary evidence which would have supported a different verdict permit us to weigh the evidence. *Renehan v. Lobato,* 55 N.M. 532, 237 P.2d 100; *State ex rel. Reynolds v. Lewis,* 74 N.M. 442, 394 P.2d 593. * * *'"

We have examined the record and evidence submitted to the trial court and, on the basis of the foregoing, we hold that the findings of the trial court are supported by substantial evidence. The trial court is only required to find ultimate facts in a case and this is exactly what was done. There is contradictory evidence, but the trial court's duty is to determine where the truth lies and to resolve any differences that may appear in the testimony.

We disagree with the majority opinion of the Court of Appeals, that the evidence is uncontradicted that defendant failed to keep a proper lookout. A review of the evidence indicates that there are differences in the testimony of the witnesses as to whether the child was running, whether he was on the crosswalk, and also as to the condition of the lighting in the immediate area where the accident took place. The trial court resolved the differences and made an ultimate finding that:

"The said collision, and injuries suffered by the minor plaintiff, were not proximately caused by the negligence of the defendant."

Even though plaintiffs submitted some eight pages of requested findings of fact and conclusions of law, many of them evidentiary, the trial court made an ultimate finding of fact and did not adopt the requested findings and conclusions submitted by the plaintiffs. In *Gallegos v. War,* 78 N.M. 796, 797, 438 P.2d 636, 637 (1968), we said:

"* * *. The refusal of the court to adopt the requested findings must be regarded on appeal as a finding against appellants who requested the findings. *Trower v. Board of County Com'rs of Curry County,* 75 N.M. 125, 401 P.2d 109; *Hopkins v. Martinez,* 73 N.M. 275, 387 P.2d 852; *Coseboom v. Marshall Trust,* 67 N.M. 405, 356 P.2d 117; *Farrar v. Hood,* 56 N.M. 724, 249 P.2d 759. * * *"

Accordingly, the decision of the Court of Appeals is reversed and set aside and the cause is remanded to the Court of Appeals with directions to affirm the judgment of the trial court.

IT IS SO ORDERED.

OMAN, C. J., and McMANUS and EASLEY, JJ., concur.

SOSA, J., dissenting.