570 P.2d 612

John B. GRIEGO, Plaintiff-Appellant,

v.

John WILSON and Barcelona Cash
Lumber Store, Inc.,
Defendants-Appellees.

No. 2840.

Court of Appeals of New Mexico.

Sept. 20, 1977.

Charles H. Reid, Montoya & Montoya, Albuquerque, for plaintiff-appellant.

Mary C. Walters, Albuquerque, Robert E. Poulson, Wheeler & Poulson, Albuquerque, for defendants-appellees.

## OPINION

SANDENAW, District Judge.

John B. Griego, Plaintiff, brought suit to recover compensatory and punitive damages for personal injuries allegedly sustained as the result of an assault and battery. The incident arose while Plaintiff was a customer in Defendant's place of business. After trial to the Court, the complaint was dismissed with prejudice. Plaintiff appeals. We affirm.

Griego raises three issues:

(1) Whether or not an assault and battery was committed by the Defendant John B. Wilson;

(2) Whether or not justification existed to excuse an assault and battery, if such took place; and

(3) If justified, whether or not Defendant used excessive force thereby overcoming justification?

These issues are raised by attack on several of the trial court's findings of fact and conclusions of law. Griego also asserts error in refusing to give certain of his requested findings and conclusions.

█ As to the trial court's findings of fact, we view the evidence in the light most favorable thereto to determine if there is substantial support. *Fierro v. Murphy,* 85 N.M. 179, 510 P.2d 112 (Ct.App., 1973). If ample support is found, the findings and conclusions will not be disturbed on appeal. *Farmers and Stockmens Bank of Clayton v. Morrow,* 81 N.M. 678, 472 P.2d 643 (1970).

█ The findings which have been attacked may be summarized as follows: The Plaintiff, Griego, was angry, abusive, profane and used obscene gestures toward John Wilson and other employees, advancing on one of them. Wilson cautioned him to stop. The Plaintiff's conduct was provocative, abusive, offensive, threatening, and vulgar. Employees offered to make a refund because of the conduct, and upon continued observance, Wilson became apprehensive that Griego was provoking a disturbance and about to attack an employee, whereupon Wilson restrained him.

█ Even though there is contradictory evidence as to the facts presented in the trial, the trial court's findings are the ones which are before this court on appeal and will be sustained unless unsupported by substantial evidence. *Ortiz v. Mason,* 89 N.M. 172, 553 P.2d 1279 (1976). The record supports these findings.

█ Griego's requested findings were basically contrary to those given. The trial court's refusal to adopt requested findings must be regarded as a finding against the appellant. *Ortiz v. Mason, supra.*

Griego's requested conclusions, material to the issues phrased above, were to the effect that a business invitee must be requested to leave and warned of the consequences of his failure to do so before force or restraint can be used, and thereafter, only reasonable force may be used to restrain or eject him. The trial court concluded Wilson did not use excessive force and that Wilson was justified in his restraint of Griego.

Assuming, for purposes of the ensuing discussion, that an assault and battery occurred, the first question to be resolved is whether or not Wilson's acts were justified.

Wilson alleges that this is a case of first impression in this jurisdiction on the issue of justification as a defense. We are not directed to any New Mexico cases by either party and have found none.

Griego responds that "justification" was neither plead nor proved. We have already held there was substantial evidence in the record to support the trial court's findings; therefore, the contention regarding lack of proof requires no further comment.

Was "justification" adequately plead? The complaint alleged that Griego was lawfully on Defendant's property, and that Wilson, acting in the course of his employment, made a violent and unlawful assault on Griego without cause. The Answer constitutes a general denial and includes, as a "First Defense", the allegation that Griego made an unprovoked attack and assault on Wilson and instigated the altercation.

The Answer as thus worded was sufficient to apprise the Plaintiff that Defendant's acts were justified. Moreover, a review of the record as a whole reflects that the issue was litigated without objection. Griego cannot now complain that the matter was first brought up on appeal. See *Posey v. Dove*, 57 N.M. 200, 257 P.2d 541 (1953), where a similar question arose and the Court concluded:

> "It appearing that said defense complained of was available under the issue litigated, and that substantial competent evidence supports its pre-requisite facts found by the court, the trial court did not commit error in considering such defense and making decision on it." (57 N.M. 206 at 210, 257 P.2d at 546)

We therefore conclude that the trial court, in the present case, was not precluded by the pleadings and evidence from concluding that Wilson was justified in restraining Griego. This conclusion, however, does not resolve the issue of a proprietor's privilege or justification in ejecting or restraining a customer.

We hold that the proprietor of a business has the right to expel or restrain a person who by virtue of abusive conduct refuses to leave or persists in this abusive conduct after being cautioned, though that person was initially on the premises by ex-

press or implied invitation, so long as the expulsion or restraint is by reasonable force. See *Ramirez v. Chavez*, 71 Ariz. 239, 226 P.2d 143 (1951); *Penn v. Henderson*, 174 Or. 1, 146 P.2d 760 (1944); *Crouch v. Ringer*, 110 Wash. 612, 188 P. 782 (1920); *Austin v. Metropolitan Life Insurance Co. of New York*, 106 Wash. 371, 180 P. 134, 6 A.L.R. 1061 (1919); *Johanson v. Huntsman*, 60 Utah 402, 209 P. 197 (1922). Annot., Right to Eject Customer from Store, 9 A.L.R. 379.

This brings us to the third of the issues listed above: if justified, whether or not the defendant used excessive force thereby overcoming justification? We hold he did not. The record, as noted above, supports the trial court's findings pertaining to the reasonableness of the restraint. Likewise, the findings support the conclusion that the Defendant Wilson did not use excessive force.

We find no error. The judgment of the trial court is affirmed.

SUTIN and LOPEZ, JJ., concur.