663 P.2d 358 (1983)
99 N.M. 699
STATE of New Mexico, on the relation of S.E. REYNOLDS, State Engineer, Plaintiff-Appellee,
v.
PECOS VALLEY ARTESIAN CONSERVANCY DISTRICT, Plaintiff-Appellant,
v.
L.T. LEWIS, et al., United States of America, Defendants.
STATE of New Mexico, ex rel. S.E. REYNOLDS, et al., Plaintiffs,
v.
HAGERMAN CANAL CO., Village of Fort Sumner, Defendant-Appellant.
No. 14315.
Supreme Court of New Mexico.
May 11, 1983.
John F. Russell, Roswell, for plaintiff-appellant Pecos Valley Artesian Conservancy Dist.
Jennings & Christy, Douglas Perrin, Roswell, for defendant-appellant Village of Fort Sumner.
Paul W. Eaton, Amarillo, Tex., Kim J. Gottschalk, Alamogordo, Glen G. Stiff, Roswell, Peter Thomas White, Asst. Atty. Gen., Santa Fe, Jay W. Forbes, Carlsbad, William Siegenthaler, Artesia, Jefferson Rhodes, Alamogordo, J. Lee Cathey, Carlsbad, Herbert A. Becker, Asst. U.S. Atty., D.N.M., Albuquerque, for appellees.

*359 OPINION
SOSA, Senior Justice.
The action below is a suit to adjudicate rights to the surface and ground waters of the entire Pecos River stream system in accordance with the provisions of NMSA 1978, Sections 72-4-15 through 72-4-19. On May 7, 1982, the trial court entered an order granting the state's amended motion for an interim decree on priorities affecting the Carlsbad Irrigation District. This Court granted the appellants' application for an order allowing an appeal pursuant to NMSA 1978, Section 39-3-4. The issue on appeal is whether the trial court abused its discretion in adopting the procedure proposed by the state. We affirm the order of the trial court.
The state engineer has general supervision of the waters of the state, their measurement, appropriation and distribution. NMSA 1978, § 72-2-1 (Cum.Supp. 1982). He supervises the apportionment of water according to licenses issued by him and his predecessors and the adjudications of the courts. NMSA 1978, § 72-2-9. Once the state engineer makes a hydrographic survey of a stream system, the survey and the data necessary to determine individual water rights is turned over to the attorney general who files suit on behalf of the state for the determination of all rights to the use of the waters of the system. § 72-4-15. The object of an adjudication suit is to determine all claims to the use of the water in a given stream system in order to facilitate the administration of unappropriated waters and to aid in the distribution of waters already appropriated. Snow v. Abalos, 18 N.M. 681, 140 P. 1044 (1914).
The adjudication in the instant case is a massive undertaking. It was initially an adjudication of the ground water diversions in the Roswell Artesian Basin. That suit was consolidated in 1965 with an adjudication of the Hagerman Canal rights. In 1974, the suit was expanded to include the surface and ground water uses in the tributary Rio Hondo system. On March 11, 1976, the Carlsbad Irrigation District, which operates a 25,000 acre Bureau of Reclamation project with priorities dating back to 1887, formally requested the state engineer to administer the Pecos River in accordance with the doctrine of prior appropriation. As a result, the state engineer decided to expand the suit to embrace all of the rights in the Pecos River stream system above the Carlsbad Irrigation District's point of diversion, Avalon Dam. By the time the suit is completed (estimated to occur by 1995), the claims of 5,790 defendants will have been adjudicated. The background of this case is further set forth in State ex rel. Reynolds v. Lewis, 84 N.M. 768, 508 P.2d 577 (1973), and State ex rel. Reynolds v. Allman, 78 N.M. 1, 427 P.2d 886 (1967). We understand that any senior rights which may be adjudicated for use through the Carlsbad project pursuant to the procedure being appealed may subsequently be adjudicated to the United States of America, the Carlsbad Irrigation District, or the individual water users served by the District's works.
The order from which the parties to this adjudication have appealed modifies the usual adjudication procedure. Typically, following the adjudication of the rights of each claimant as against the state, the court provides an opportunity for contest inter se of any individually adjudicated rights before a final decree is entered that adopts each of the individual decrees and appoints a watermaster to administer the interrelated rights as shortage necessitates. The order in the instant case will permit the court to enjoin water users with priorities junior to January 1, 1947, to show cause in individual proceedings why their uses should not be enjoined pursuant to Article XVI, Section 2 of the New Mexico Constitution. Such injunctions are subject to the right of each user to contest inter se the rights adjudicated for use through and by means of the Carlsbad project and are also subject to the right of each user to establish that his use of the public waters of the Pecos River stream system should not be terminated to satisfy the senior rights adjudicated for use through the Carlsbad project. The order appoints the state engineer as an interim watermaster to administer such orders *360 of injunction as may be entered by the court in the proceedings which will be held pursuant to the order.
The New Mexico Rules of Civil Procedure permit a court to order a separate trial of any claim or separate issue when separate trials will be conducive to expedition and economy. NMSA 1978, Civ.P.R. 42(b) (Repl.Pamp. 1980). Such an order is reviewable only for abuse of discretion. Mendenhall v. Vandeventer, 61 N.M. 277, 299 P.2d 457 (1956); McCrary v. Bill McCarty Construction Co., 92 N.M. 552, 591 P.2d 683 (Ct.App. 1979).
The appellants contend that the court abused its discretion because the procedure adopted violates their right to due process. Appellants' position is that there can be no administration of junior rights as against senior rights until the priorities of those rights have been fixed inter se and that this cannot be done until the court has held a single, final hearing and entered a comprehensive decree fixing the conflicting priorities. We agree that there can be no administration of junior rights as against senior rights until the parties have had an opportunity to contest priorities inter se. We do not agree that such administration must await the filing of a final decree. There is nothing in the statute which precludes the administration of water rights prior to the time of the filing of the final decree in the office of the State Engineer. § 72-4-19.
In State ex rel. Reynolds v. Allman, this Court treated the question of whether due process was afforded by the procedure used to adjudicate priorities inter se. This Court held that due process entitles "all who may be bound or affected by a decree ... to notice and hearing, so that they may have their day in court." Id. 78 N.M. at 3, 427 P.2d at 888. The trial court in Allman was required to use the same standards in determining the priorities of the two groups of defendants, and the priorities of one group could not be fixed as against the other group until each was afforded an opportunity to contest the priorities of the other.
In the procedure proposed by the state and adopted by the trial court in this case, there is no denial of due process. While expediting priority administration, the procedure affords each defendant the opportunity to establish his priority and to contest the priority of the Carlsbad Irrigation District. The court will first determine which junior rights must, without question, be terminated to satisfy the senior rights of the Carlsbad Irrigation District, the United States, or the individual water users served by the District. Then the court will adjudicate all of the stream system priorities in reverse order, simultaneously ordering each junior user to show cause why his rights should not be terminated to satisfy such senior rights. In effect, the inter se portion of the suit will proceed simultaneously with the individual determinations, giving each junior user the opportunity to contest the priority or any other aspect of the senior water rights, to assert his own priority and to raise any defenses which would preclude the termination of his right to satisfy the senior rights.
Where a procedure that was not required or prohibited by statute was challenged, this Court has previously held that such procedure could be adopted by the state engineer because it was in "substantial compliance with the requirements of the adjudication statutes, and a reasonable and practical way to accomplish the desired purposes." State ex rel. Reynolds v. Sharp, 66 N.M. 192, 197, 344 P.2d 943, 946 (1959). The procedure adopted by the court in the instant case meets this standard. The usual procedure followed in such adjudications is not inviolate.
The procedure adopted by the trial court below does not violate the appellants' rights to due process, as they will be afforded opportunity to contest priorities before any decree is adopted with respect to the rights of the Carlsbad Irrigation District. This opinion does not preclude the raising of this issue on appeal should any due process violations occur. We find that the trial court did not abuse its discretion in adopting this *361 procedure. Accordingly, the order of the trial court is affirmed.
IT IS SO ORDERED.
PAYNE, C.J., and RIORDAN, J., concur.