742 P.2d 1

**Richard BAUM, Plaintiff, Counterdefendant, Appellee and Cross-Appellant,**

v.

**Richard OROSCO and Joe L. Orosco, Sr., Defendants-Appellants,**

**Joe L. OROSCO, Sr., Defendant, Counterclaimant, Counterplaintiff, Appellant and Cross-Appellee,**

v.

**The CITY OF HOBBS, et al., Counterdefendants, Appellees and Cross-Appellants.**

Nos. 8286, 8291.

Court of Appeals of New Mexico.

July 16, 1987.

Certiorari Denied Aug. 19, 1987.

R.E. Richards, Law Offices of R.E. Richards, P.A., Hobbs, Michelle Olszta, Hobbs, Barbara Albin, Keleher & McLeod, P.A., Albuquerque, for counterdefendants, appellees and cross-appellants City of Hobbs, et al.

Leo Romero, Albuquerque, R. Raymond Twohig, Jr., Ray Twohig, P.C., Albuquerque, for defendant-appellant, counterclaimant, counterplaintiff, and cross-appellee Joe L. Orosco, Sr.

J. Lee Cathey, Carlsbad, for defendant-appellant Richard Orosco.

## OPINION

GARCIA, Judge.

This appeal comes before this court for decision after the case was submitted to an advisory committee pursuant to an experimental plan. *See Patterson v. Environmental Improvement Div.*, 105 N.M. 320, 731 P.2d 1364 (Ct.App.1986); *Stoll v. Dow*, 105 N.M. 316, 731 P.2d 1360 (Ct.App.1986); *Boucher v. Foxworth-Galbraith Lumber Co.*, 105 N.M. 442, 733 P.2d 1325 (Ct.App. 1986). The committee rendered a unanimous decision and the parties were so notified. Defendant Joe L. Orosco, Sr. filed a response memorandum. This court has considered the transcript and briefs in this case, together with the opinion of the advisory committee and defendant's response memorandum. It is the decision of this court that the opinion of the advisory committee should be adopted in modified form, as follows:

Defendants, Richard Orosco and Joe L. Orosco, Sr., appeal the judgments rendered against them on plaintiff's complaint for personal injuries and battery and the judgments rendered against Joe L. Orosco, Sr.'s counterclaim for civil rights violations and personal injuries. We have consolidated both appeals.

Richard Orosco's only issue on appeal is whether the trial court abused its discretion in denying his tender of character evidence on his behalf. Joe L. Orosco, Sr. raises five issues on appeal: 1) whether the trial court erred in bifurcating the trial and in denying the second trial; 2) whether the trial court erred in refusing to admit polygraph evidence; 3) whether the trial court abused its discretion in instructing the jury

to disregard eyewitness Larry Courtney's opinion concerning the cause of the altercation; 4) whether the trial court erred in limiting evidence of plaintiff's prior bad acts; and 5) whether the trial court erred in refusing to include counterplaintiff's proffered instructions and interrogatories in its charge to the jury. We affirm.

### FACTS

On February 15, 1981, a disturbance arose at an automobile racetrack in Hobbs, New Mexico. In response to a radio call, plaintiff, a city policeman, was dispatched to the racetrack. There, an altercation ensued involving plaintiff, both defendants and other officers of the Hobbs Police Department. In the course of this altercation, defendant Richard Orosco struck plaintiff in the eye.

The plaintiff subsequently filed suit in the district court seeking judgment for injuries alleged to have been sustained as a result of the battery committed upon him by the defendants. While Richard Orosco answered, denying the allegations, Joe L. Orosco, Sr. filed a counterclaim against the plaintiff and impleaded, as third-party defendants, the city of Hobbs, its chief of police and two other officers of the Hobbs police department who were present at the altercation. Joe L. Orosco, Sr.'s counterclaim and cross-claim sought damages for personal injuries allegedly received by being battered by the various police officers and for deprivation of civil rights.

The trial court decided, upon a motion by plaintiff and counterdefendants, to bifurcate the trial and sever Joe L. Orosco, Sr.'s counterclaims of excessive force, false arrest and false imprisonment from the supervisory claims against the city of Hobbs and its chief of police. Judgment was entered for plaintiff against defendants and it was ordered that defendant Joe L. Orosco, Sr. take nothing by his counterclaim and cross-claim.

### RICHARD OROSCO'S APPEAL

Defendant asserts the trial court should have allowed his character witnesses to testify regarding his reputation in the community for truthfulness and his reputation for being a peaceful, law-abiding citizen.

He offered this evidence under SCRA 1986, 11–404(A)(1). The trial court held that "the plain reading of Rule 404 limits it to criminal cases and we will not have trait evidence in this civil case."

We agree with defendant that character evidence is admissible in a civil case where character is in issue. *See In re Ferrill,* 97 N.M. 383, 640 P.2d 489 (Ct.App. 1981); *see also* 2 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 404[03] (1986). Nonetheless, the admissibility of character evidence in a civil case is narrower than in a criminal case, and the trait of character, desired to be proved by testimony in the form of opinion or evidence of reputation, must be directly in issue. *Cf. In re Ferrill* (evidence of the character of the beneficiary may be admitted when a will is contested on the grounds of undue influence). *See also Moore v. Davis,* 27 S.W.2d 153 (Tex.Com.App.1930) (in defamation action where the slander charged bad character and the defendant pleads truth, character is in issue). Here, defendant's veracity was not an element of the claim, *see In re Ferrill,* and, while credibility is always a factor in any case, it was not directly in issue here. Consequently, evidence of defendant's reputation for truthfulness was irrelevant and properly excluded. We will uphold the decision of the trial court if it is right for any reason. *State v. Beachum,* 83 N.M. 526, 494 P.2d 188 (Ct.App.1972).

Additionally, under the facts of this case, we hold the testimony offered as to defendant's reputation for peacefulness was also irrelevant. We agree with the majority rule that in a civil action for assault and battery, evidence offered to show the general reputation of either party for being peaceful and law-abiding is inadmissible. *See generally* Annotation, *Admissibility of Evidence of Character or Reputation of Party in Civil Action for Assault on Issues Other than Impeachment,* 91 A.L.R.3d 718 (1979). However, we also agree that where aggression or self-defense is in issue, evidence of a defendant's peaceful, law-abiding nature is admissible

to show that he was not the aggressor. *See id.*

■ This case presents the unusual twist of undisputed evidence that defendant was already involved in another fight when plaintiff was called to the scene. When immediately prior to the incident in question, defendant admits to being in the midst of a violent affray, evidence of his peaceful nature in the past ceases to be relevant and is no longer admissible. *Cf. Fahey v. Crotty*, 63 Mich. 383, 29 N.W. 876 (1886). Thus, we determine defendant's proffered evidence was inadmissible and affirm the trial court's exclusion, although not for the same reason stated by the trial court. *See State v. Beachum.*

## JOE L. OROSCO, SR.'S APPEAL

### Issue 1

Defendant first argues that the trial court erred in bifurcating the trial and in subsequently denying the second trial. We do not agree.

■ The bifurcation separated the claims against the city of Hobbs and the police chief from the claims against plaintiff. The claims against the city and the police chief for inadequate training and supervision are secondary to, and dependent upon, successful prosecution of the complaint against the police officer. The trial court determined that a successful defense by plaintiff in the first trial prevented a second trial.

Defendant's essential argument is that the bifurcation denied him the opportunity to fully litigate his negligence claims under the comparative negligence doctrine. Defendant misapprehends the mechanical application of comparative negligence.

The purpose of the comparative negligence doctrine is to apportion liability among all tortfeasors only to the extent of their own fault. *See, e.g., Scott v. Rizzo*, 96 N.M. 682, 634 P.2d 1234 (1981); *Bartlett v. New Mexico Welding Supply, Inc.*, 98 N.M. 152, 646 P.2d 579 (Ct.App.1982). The trial court correctly determined that in order for the second half of defendant's claims to have efficacy, there must be a finding of liability on the part of plaintiff. If the jury found that plaintiff committed no wrong against defendant and that, in fact, defendant was the wrongdoer, then defendant's claims against the city of Hobbs and its chief of police must necessarily fail. It would be against all logic for a jury to find plaintiff blameless but find the city of Hobbs and its chief of police negligent in their supervision, training and hiring of plaintiff as the cause of defendant's damages. On the other hand, had the jury found that plaintiff was liable, defendant's claims against counterdefendants would have been made all the easier to prove.

Moreover, we can see no way in which the bifurcation of these claims compromises findings of comparative negligence. The same jury would be hearing both segments of the case and, at the conclusion of the second segment, the jury could apportion percentages of fault as usual. It is of no consequence in the scheme of comparative negligence whether claims are heard separately or together; the apportionment of fault is based on the whole.

A trial judge may order bifurcation of a trial, or separate trial of any claim or separate issue, when separate trials will be conducive to expediting the cause and is in the furtherance of fairness and judicial economy. SCRA 1986, 1–042. The bifurcation of a trial is a matter within the sound discretion of the trial court and will not be disturbed upon appeal absent an abuse of discretion. *McCrary v. Bill McCarty Constr. Co.*, 92 N.M. 552, 591 P.2d 683 (Ct.App.1979); *State ex rel Reynolds v. Pecos Valley Artesian Conservancy Dist.*, 99 N.M. 699, 663 P.3d 358 (1983). *See also Mendenhall v. Vandeventer*, 61 N.M. 277, 299 P.2d 457 (1956).

In general, we look with favor on bifurcation in situations such as this. The procedure simplifies the trial of the primary claim in that evidence relevant only to the derivative claim is properly excluded in the first trial. Moreover, as here, the jury's determination in the primary claim may eliminate the need for a trial on the secondary claims. Thus, the procedure is less

confusing to the jury and promotes judicial economy. In this case, we are particularly impressed with the wisdom of the trial court's plan, and find no error in the court's ruling.

### Issue 2

■ The trial court excluded results of polygraph tests administered by the Hobbs Police Department to counterdefendants, officers Steward and Johnson, who were present during the altercation. Defendant argues that the exclusion of the polygraph evidence was error. We do not agree.

■ In a hearing conducted on admissibility, conflicting affidavits and deposition testimony as to the reliability of the examinations and results were offered to and considered by the trial court. Contested factual issues on the admissibility of scientific evidence, and of polygraph examinations in particular, are factual determinations to be made by the trial court. *See* SCRA 1986, 11–104(A) and 11–707. The admissibility of polygraph evidence rests within the sound discretion of the trial court. *B & W Constr. Co. v. N.C. Ribble Co.*, 105 N.M. 448, 734 P.2d 226 (1987); Rule 11–707(C). Similarly, preliminary questions concerning the qualifications of a witness to testify as an expert rest within the sound discretion of the trial court. Rule 11–104(A). *See also State v. Anthony*, 100 N.M. 735, 676 P.2d 262 (Ct.App. 1983) (recognizing that polygraph evidence is not admissible if the examiner is not qualified, if the examinee is not a proper subject for testing, or if the test was not conducted under proper conditions).

The trial court's discretionary determination that the tests were unreliable was amply supported on the record before it, and there was no abuse of discretion. *See B & W Constr. Co. v. N.C. Ribble Co.; see also Griego v. Wilson*, 91 N.M. 74, 570 P.2d 612 (Ct.App.1977) (where findings of fact are supported by substantial evidence, the trial court abused its discretion in excluding the evidence). Defendant contends that since there were conflicting opinions regarding the reliability of the polygraph evidence, the trial court abused its discretion in excluding the evidence. Defend-

ant's argument is clearly specious. It is the role of the trial court to resolve such conflicts, *cf. Thompson v. Getman*, 74 N.M. 1, 389 P.2d 854 (1964), and it is the very essence of discretion to make such a resolution and determination. *See* Rule 11–104(A).

### Issue 3

■ Following extensive direct, cross and redirect examination of eyewitness Larry Courtney, the trial court instructed the jury to disregard Mr. Courtney's opinion as to who started the fight at the Hobbs Dragway. Defendant contends this was error. During his testimony, Mr. Courtney, in essence, gave two different opinions concerning who started the fight. At trial, he did not agree that plaintiff started the fight, which was evidently contrary to a previous statement he made. He testified that a large crowd had formed during the incident and that there were people between him and the parties; that he might not have seen a nightstick or walkie-talkie in plaintiff's hands; that he did not hear comments that might have been made by defendant Richard Orosco to the officers; that he did not see plaintiff strike or push defendant; and that he did not see "who punched" plaintiff. He admitted that he previously stated that plaintiff started the fight "[b]ecause I don't think nothing would have happened if he hadn't come out there." Finally, he stated his opinion would change if insults or fighting words had been offered out of his hearing by defendant Richard Orosco to plaintiff.

The trial court could properly conclude that Mr. Courtney's testimony was speculative, that the witness was not stating the totality of his actual observations but rather his own version of "but for" causation, and that this evidence was neither rationally based upon his perceptions nor helpful to the jury. *See* SCRA 1986, 11–701; *compare State v. Luna*, 92 N.M. 680, 594 P.2d 340 (Ct.App.1979), *with State v. Marquez*, 87 N.M. 57, 529 P.2d 283 (Ct.App.1974). While such evidence can be admissible in the trial court's discretion to shed light on which party in an affray is the aggressor,

Mr. Courtney's opinions, as opposed to his observations, could reasonably be ruled too self-contradictory to be helpful. The trial court's decision to strike Mr. Courtney's opinions was proper.

### Issue 4

Defendant next complains of the trial court's refusal to admit evidence of prior bad acts of plaintiff and of counterdefendant Steward. The trial court denied these offers of evidence pursuant to Rule 11–404(B). One question concerning plaintiff was admitted under SCRA 1986, 11–608(B); the offer concerning counterdefendant Steward was denied under the same rule.

### A.  Evidence of plaintiff's prior bad act of lying.

Defendant asserts that he wanted to offer evidence under Rule 11–608(B) "that when Officer Baum has a complaint against him for excessive force, he makes up a story or taints the story so as to protect himself against any liability." Plaintiff sought to offer evidence that Officer Baum was suspended in 1978 for withholding details during an internal affairs investigation. Defendant sought to emphasize that the prior investigation also involved a complaint of police officers using excessive force. After listening to both attorneys argue the matter, the judge composed a question, which he, himself, asked plaintiff in the presence of the jury. The question was "[w]ere you suspended for two days in 1978 for the failure to be candid in the initial stages of an investigation conducted by the Hobbs Police Department?" Defendant complains the trial court's phrasing of the question rendered it too innocuous.

On appeal defendant argues that evidence of the officer's prior untruthfulness in the face of allegations of excessive force should have been admitted "for the purpose of showing his [officer's] tendency to falsify his statement * * *."

This is the very evil which the rules seek to prevent. Evidence of other crimes, wrongs or bad acts is not admissible to show that an individual acted in conformity with his prior conduct. Rule 11–404(B).

The exceptions which allow introduction of evidence of prior acts to show motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake are not applicable under the facts of this case. *State v. Vigil*, 103 N.M. 583, 711 P.2d 28 (Ct.App.1985).

In his *Treatise on New Mexico Rules of Evidence*, Section 404–1 (1987), John Wentworth writes:

> The primary purpose of Rule 404 is to protect the criminal defendant from unnecessary or unfair prejudice. It is to prevent the defendant from being convicted because he is bad or evil. Additionally, the purpose of Rule 404 is to prevent the use of evidence of prior crimes to show the propensity of the defendant to commit crimes or to prove particular conduct.

Since this is the very reason advanced by defendant to justify the introduction of the evidence, it was proper for the court to reject the evidence. It was appropriate to confine the question to credibility. *See* Rule 11–608. Moreover, it was reasonable for the trial court to conclude that evidence of previous accusations of excessive force, where plaintiff made false statements, was more prejudicial than probative.

Additionally, defendant objects to the trial court's qualification of the question. The trial court informed the jury that "there is no implication concerning this particular case as far as this question goes. The question refers to something in 1978 as you can tell." This, too, was not improper. It did not constitute an impermissible comment on the evidence. It merely qualified and explained the question asked. In order to guard against the jury using the question to determine that plaintiff acted in conformity with a bad character, it was appropriate for the trial court to point out that the question referred to an incident in 1978.

The trial court has broad discretion in controlling the extent of a cross-examination. *State v. Hargrove*, 81 N.M. 145, 464 P.2d 564 (Ct.App.1970). "Although proof of a witness's misconduct is permissible for

the purpose of attacking credibility, the extent of such showing is controllable through the exercise of judicial discretion." *Id.* at 146, 464 P.2d at 565. We do not believe defendant's cross-examination of plaintiff was impermissibly restrained and, likewise, we hold the trial court did not abuse its discretion in the manner in which it allowed the question concerning plaintiff's credibility.

### B. Evidence of counterdefendant Steward's bad act.

Defendant also offered evidence that an excessive use of force complaint was lodged against counterdefendant Steward, that he was suspended, that at the time of the complaint he claimed he had not used excessive force, and that he later admitted the complaint was valid. The trial court determined that the prior complaint was inadmissible. There was contradictory evidence as to whether Steward made the statement that the complaint was "a valid complaint." Steward denied making this statement, and the trial court denied admission of the evidence. This was proper since preliminary questions concerning the admissibility of evidence shall be determined by the trial judge. Rule 11–104(A).

In view of Steward's denial, defendant would have had to call another witness to prove the untruthfulness. Rule 11–608(B) prohibits the use of extrinsic evidence to prove specific instances of conduct. *State v. Vigil.* Thus, the trial court did not commit error in refusing to admit this evidence.

**Issue 5**

██ Finally, defendant asserts the trial court erred in failing to instruct the jury that no showing of specific intent is required to sustain a finding of deprivation of a constitutional right. The proposed instruction submitted by defendant was refused by the trial court. While defendant's proposed instruction appears in the record proper on appeal, no other instruction given by the court regarding deprivation of constitutional rights appears in the record. We are left to assess the effect of not giving defendant's proposed instruction against a backdrop of unknown instructions by the trial court. We cannot say that harmful error has occurred when we are left to speculate upon the instructions actually given to the jury. *Cf. Hewitt v. City of Truth or Consequences,* 758 F.2d 1375 (10th Cir.), *cert. denied,* 474 U.S. 844, 106 S.Ct. 131, 88 L.Ed.2d 108 (1985).

The contention that a showing of specific intent to deprive a constitutional right is not a requisite to recovery is a correct proposition of law, insofar as it goes. *See Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), *overruled on other grounds, Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, the absence of a specific intent requirement does not mean that every police action, where use of excessive force is claimed, constitutes a deprivation of constitutionally-secured rights. *See Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). The force used in making an arrest must be reasonable and depends upon a balance of all the circumstances. *Tennessee v. Garner,* 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). When the force used in effecting an arrest surpasses a constitutionally reasonable level, it becomes violative of fourth amendment protections; thus, the use of deadly force to seize a non-violent felony suspect who has taken flight is "constitutionally unreasonable." *Id.*

Of course, not every instance of excessive force is a constitutional deprivation. *See Hewitt v. City of Truth or Consequences; Wise v. Bravo,* 666 F.2d 1328 (10th Cir.1981). Factors to be considered are:

> [T]he relationship between the amount of force used and the need presented, the extent of the injury inflicted, and the motives of the state officer. Force inspired by unwise, excessive zeal amounting to an abuse of official power that shocks the conscience, or by malice rather than mere carelessness, may be redressed under section [42 USC] 1983.

*Hewitt v. City of Truth or Consequences,* 758 F.2d at 1379 (citations omitted).

Without reviewing all of the instructions given by the trial court, we cannot determine whether omission of defendant's proposed intent instruction constituted error. Moreover, while superficially correct, the proposed instruction was an incomplete statement of the law, and, standing alone, should not have been given.

Defendant argues that the record need not include a complete transcript of the proceedings if the appellant includes the proceedings in the record which he seeks to have reviewed on appeal. He argues that he does not seek review of all the instructions given but only the failure to give the tendered instructions on specific intent. We reject this argument. The law does not operate in a vacuum. In order to determine whether the trial court erred, we must know the circumstances. An isolated word, phrase or action is generally insufficient.

### CONCLUSION

In sum, we find no error in the trial court's refusal to allow character evidence on behalf of defendant Richard Orosco. We find no error under any of the five issues raised by defendant Joe L. Orosco, Sr. Therefore, the judgment of the trial court is affirmed as to both defendants. We do not consider the cross-appeal, since it seeks the attention of this court only in the event of a reversal and remand. Affirmed.

IT IS SO ORDERED.

This court acknowledges the aid of attorneys Neil R. Mertz, Leslie C. Smith and Don Klein, Jr. in the preparation of this opinion. These attorneys constituted an advisory committee selected by the Chief Judge of this court and we express our gratitude to them for volunteering their services and for the quality of the work submitted.

DONNELLY, C.J., and FRUMAN, J., concur.