**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2017-NMCA-045**

**Filing Date: February 27, 2017**

**Docket No. 33,961**

**STATE OF NEW MEXICO,**

      **Plaintiff-Appellee,**

**v.**

**ANTHONY W. PATTERSON,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Elizabeth Ashton, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Sergio Viscoli, Appellate Defender
Matthew J. O'Gorman, Assistant Appellate Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**FRENCH, Judge.**

**{1}**    A jury convicted Defendant Anthony Patterson of two counts of trafficking oxycodone by distribution, contrary to NMSA 1978, Section 30-31-20(A)(2), (B)(1) (2006). Defendant argues that the district court committed reversible error by denying him the opportunity to: (1) cross-examine an undercover narcotics enforcement agent (Undercover

Agent), about a prior instance of untruthfulness and about a conversation between Undercover Agent and a confidential informant; and (2) present an entrapment defense. Defendant also argues that the district court's order to return the computer projector he received as payment in one of the drug transactions was improper. We agree with Defendant that the district court improperly limited Defendant's cross-examination, contrary to Rule 11-608 NMRA. Accordingly, we reverse Defendant's convictions. We leave Defendant's other arguments unexamined.

**BACKGROUND**

**{2}**     We focus our background discussion on the subset of facts relevant to the issue we reach in this opinion. Defendant was arrested in connection with two sales of narcotic pills. The transactions took place principally between Defendant, Undercover Agent, and a confidential informant.

**{3}**     At trial, Undercover Agent testified that on October 26, 2011, Defendant exchanged five oxycodone pills for a backpack with a computer projector in it and, on November 18, 2011, sold five oxycodone pills. The confidential informant did not testify.

**{4}**     On cross-examination of Undercover Agent, Defendant sought to inquire about an occasion that the Undercover Agent purportedly admitted in court to misrepresentation in a police report:

| | |
|---|---|
| Counsel: | [R]egarding these reports that you make. And you're saying that they're accurate except in this case you said there may be some typos on these two reports, is that correct? |
| Undercover Agent: | That's correct. |
| Counsel: | Okay. Now, were you involved with [the confidential informant] on [another case]? |
| Undercover Agent: | I was, yes. |
| Counsel: | And actually, that charge went federal [be]cause there was a gun charge, right? |
| State: | Objection, Judge: relevance. |
| Court: | Counsel approach, please. |

[at the bench conference]

2

| Court: | Where are we going now, [counsel]? |
|---|---|
| Counsel: | Now, we're going into testimony under oath in a federal preliminary hearing that [Undercover Agent] was untruthful in his report [in another case]. I believe its— |
| State: | [interrupting] [inaudible] improper impeachment. |
| Counsel: | [inaudible] . . . the accuracy of his report. |
| State: | It's an improper impeachment. |

Without presenting an opportunity for Defendant to respond, the district court sustained the State's objection.

**{5}**    The jury found Defendant guilty of two counts of trafficking of oxycodone.  He was sentenced to nine years of incarceration, suspended to five years of supervised probation conditioned on, among other terms, the return of the projector received by Defendant in exchange for drugs. Defendant appeals.

**DISCUSSION**

**1.    Excluded Cross-Examination Regarding a Purported Prior Act of Misrepresentation**

**{6}**    Defendant contends that it was error for the district court to prevent him from cross-examining Undercover Agent regarding a purported prior act of misrepresentation in a police report from another case. Defendant argues that the district court's ruling was contrary to Rule 11-608 and violated Defendant's confrontation rights under the Sixth Amendment of the United States Constitution and Article II, Section 14 of the New Mexico Constitution. We first review the exclusion of the Undercover Agent's testimony about a prior misrepresentation under our evidentiary rules. We review evidentiary decisions of the district court for an abuse of discretion. *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829. Evidentiary error is not grounds for a new trial unless harmful. *State v. Tollardo*, 2012-NMSC-008, ¶ 32, 275 P.3d 110. Error under the rules of evidence is harmful where there is any reasonable probability that the error contributed to the verdict. *Id.* ¶ 36.

**{7}**    "All relevant evidence is generally admissible, unless otherwise provided by law[.]" *State v. Balderama*, 2004-NMSC-008, ¶ 23, 135 N.M. 329, 88 P.3d 845. "Evidence that reflects on a [witness's] credibility is relevant." *State v. Johnson*, 2010-NMSC-016, ¶ 41, 148 N.M. 50, 229 P.3d 523. "Any doubt whether the evidence is relevant should be resolved in favor of admissibility." *Balderama*, 2004-NMSC-008, ¶ 23. Pursuant to Rule 11-608(B)(1), cross-examination about specific instances of conduct probative of the witness's

character for truthfulness is generally admissible, although extrinsic evidence is not admissible to prove such conduct. *See id.* Evidence that is otherwise admissible may be excluded if its probative value is substantially exceeded by danger of unfair prejudice, confusion of issues, waste of time, delay, or presentation of cumulative evidence. *See* Rule 11-403 NMRA.

**{8}** At trial, neither Defendant, the State, nor the district court mentioned any rule of evidence when discussing Defendant's proffer. The State objected on grounds of, in turn, relevance and improper impeachment. The district court sustained one or, perhaps, both of the State's objections without explanation. On appeal, Defendant argues that: preventing him from questioning the Undercover Agent about a misrepresentation in a police report was an abuse of discretion under Rule 11-608(B)(1), the evidence was not excluded as unfairly prejudicial under Rule 11-403, and reversal is required because there is a reasonable probability that the district court's erroneous exclusion contributed to Defendant's convictions. The State does not counter by arguing that the evidence was inadmissible under Rule 11-608(B); that, if admissible, exclusion of the evidence was within the court's discretion under Rule 11-608(B); or that, if there was error, it was harmless. Instead, the State argues that the evidence was not relevant and was not admissible under Rule 11-404(B)(1) NMRA, which prohibits evidence of a prior wrong or other act to demonstrate that a person was more likely to have acted in accordance with the character revealed by the wrong or act. We begin by examining the State's arguments.

**{9}** Because untruthfulness in a police report recently authored by a witness is probative of that witness's credibility, testimony about such a report is relevant. *See Baum v. Orosco*, 1987-NMCA-102, ¶¶ 23, 26, 106 N.M. 265, 742 P.2d 1 (allowing, in a case involving purported excessive force, questioning about an officer's prior untruthfulness directed at the officer's credibility). The State's second argument—that Defendant's line of questioning would be inadmissible under Rule 11-404(B)(1)—is without consequence for our analysis because the inadmissibility of evidence under one rule of evidence does not preclude the admissibility of the evidence for another purpose under another rule. *See State v. Omar-Muhammad*, 1987-NMSC-043, ¶ 29, 105 N.M. 788, 737 P.2d 1165 ("Evidence admissible for one purpose is not to be excluded because it is inadmissible for another purpose."). We move on, then, to Defendant's arguments, beginning with whether Rule 11-608(B) permits the questioning of the Undercover Agent about a specific prior act of untruthfulness in a different police report involving another arguably related case.

**{10}** Rule 11-608(B)(1) permits cross-examination of a witness about a specific incident or act that is probative of his or her character for truthfulness. We think testimony about a purported recent admission under oath by Undercover Agent of an untruthful or inaccurate police report he authored is probative of his character for truthfulness. *Cf. United States v. Bocra*, 623 F.2d 281, 288 (3d Cir. 1980) ("The classic example of a permissible inquiry [pursuant to federal Rule 608(b)] would be an incident in which the witness had lied."). Such testimony is unlike a line of inquiry that might place a witness or defendant in a bad light but is not probative of character for truthfulness. *See, e.g.*, *State v. Padilla*, 1994-NMCA-067,

4

¶¶ 30-31, 118 N.M. 189, 879 P.2d 1208 (holding that the district court did not abuse its discretion under Rule 11-608(B) by preventing cross-examination of a police officer about a charge of criminal sexual penetration against the officer because the charge was not a specific instance of conduct bearing on credibility). Because the excluded line of inquiry lies squarely within the scope of evidence permitted under Rule 11-608(B)(1), we turn to the question of whether the district court's exclusion of that line of inquiry was an abuse of discretion.

**{11}**  A court abuses its discretion when it makes an evidentiary ruling that "is clearly against the logic and effect of the facts and circumstances of the case" and "clearly untenable or not justified by reason." *State v. Samora*, 2016-NMSC-031, ¶ 37, 387 P.3d 230 (internal quotation marks and citation omitted). Factors that inform a court's exercise of discretion under Rule 11-608(B) include:

> (1) whether the witness's testimony is crucial or unimportant, (2) the relevancy of the act of misconduct to truthfulness, (3) the nearness or remoteness of the misconduct to the time of trial, (4) whether the matter inquired into is likely to lead to time-consuming, distracting explanations on cross-examination or re-examination, and (5) whether there will be unfair humiliation of the witness and undue prejudice to the party who called the witness.

1 Kenneth S. Broun et al., *McCormick on Evidence* § 41 (7th ed. 2016).[1] We review the district court's exercise of discretion through the prism of those five factors.

**{12}**  It is important to our analysis that Undercover Agent's testimony was crucial to the

---

[1]Although we observe that, prior to this case, New Mexico appellate courts have not applied enumerated factors to a Rule 11-608 abuse of discretion analysis, our appellate courts have applied enumerated factors when analyzing for an abuse of discretion under Rule 11-609 NMRA. *See State v. Trejo*, 1991-NMCA-143, ¶¶ 9, 16, 113 N.M. 342, 825 P.2d 1252 (enumerating six factors relevant to a district court's analysis of whether to admit evidence pursuant to Rule 11-609 and, after analyzing under those factors, determining that the district court did not abuse its discretion admitting evidence). Rule 11-609 is related to Rule 11-608 in that both provide avenues for the cross-examination of a witness for the purpose of attacking the witness's character for truthfulness. *Compare* Rule 11-609 (providing for cross-examination under limited circumstances about a witness's prior conviction for the purpose of attacking the witness's character for truthfulness), *with* Rule 11-608 (providing for cross-examination under limited circumstances about a witness's prior bad acts not resulting in conviction for the purpose of attacking the witness's character for truthfulness). Given the relatedness of the two rules, the use by our appellate courts of enumerated factors for a Rule 11-609 analysis informs our decision to enumerate factors for a Rule 11-608 analysis.

case against Defendant. *See Gordon v. United States*, 344 U.S. 414, 417 (1953) ("[W]here . . . the [g]overnment's case may stand or fall on the jury's belief or disbelief of one witness, his credibility is subject to close scrutiny."); *accord United States v. Morales-Quinones*, 812 F.2d 604, 613 (10th Cir. 1987) ("Where the testimony of a witness is critical to the [g]overnment's case, the defendant has a right to attack the [witness's] credibility by wide[-]ranging cross-examination."); *United States. v. Dennis*, 625 F.2d 782, 798 (8th Cir. 1980) ("Where the testimony of one witness is critical to the government's case, the defendant has a right to attack that witness's credibility by a wide-ranging cross-examination."); *United States v. Fortes*, 619 F.2d 108, 118 (1st Cir. 1980) ("[W]hen a case turns to a large extent on the credibility of [the] defendant's accuser, broad cross-examination of that principal witness should be allowed."). The State has not made an argument that anyone other than Undercover Agent testified as an eyewitness to Defendant's role in the transactions for which Defendant was convicted, nor has the State pointed to other testimony linking Defendant to the oxycodone pills. Undercover Agent's credibility and character for truthfulness, which Defendant sought to challenge, was thus axiomatically central to this case. As a result, the first abuse of discretion factor firmly favors Defendant's argument. *See United States v. Torres*, 569 F.3d 1277, 1283 (10th Cir. 2009) ("While the admission of [Rule 608(b)] evidence is at the discretion of the district court, it may well be an abuse of discretion not to allow such cross-examination in a criminal case where the vast majority of inculpatory evidence is based on a lone witness's testimony." (internal quotation marks and citation omitted)).

**{13}** We next turn to abuse of discretion factors two through five. A misrepresentation in a police report is the kind of specific incident of misconduct relevant to truthfulness. With regard to the temporal relationship between the purportedly untruthful report in another case and the trial in this case, the record is insufficient to determine whether the police report or the purported admission was remote in time, nor has the State argued that the other case was old. Although the inquiry into Undercover Agent's previous report in the federal case would involve a new factual inquiry, we will not speculate regarding whether such inquiry would be time-consuming, distracting, or unreasonable. Regardless, Undercover Agent's testimony was cardinal, and therefore his credibility was not a collateral matter; a valid challenge to his credibility, which merited trial time and attention. *See Gordon*, 344 U.S. at 417 ("[W]here . . . the [g]overnment's case may stand or fall on the jury's belief or disbelief of one witness, his credibility is subject to close scrutiny."); *See also Davis v. Alaska*, 415 U.S. 308, 316 (1974) ("Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested."). Finally, we do not perceive that this narrow, police report type of inquiry would be, on its face, unfairly humiliating to Undercover Agent or unduly prejudicial.

**{14}** We conclude that the district court's ruling to exclude Defendant's inquiry into the truthfulness of Undercover Agent's police report in the federal case was error. Any material misstatement in Undercover Agent's police report was highly relevant to the agent's credibility and character for truthfulness under Rule 11-608(B). We also conclude that, based upon the five abuse of discretion factors, the district court's ruling was clearly against the

logic and effect of the facts and circumstances in this case. Accordingly, the district court's ruling was clearly not justified by reason and resulted in abuse of discretion under Rule 11-608(B). *See State v. Samora*, 2016-NMSC-031, ¶ 37 (stating that a court abuses its discretion when it makes an evidentiary ruling that "is clearly against the logic and effect of the facts and circumstances of the case" and "clearly untenable or not justified by reason." (internal quotation marks and citation omitted)). However, that conclusion does not end our inquiry into the district court's exercise of discretion.

**{15}** Under Rule 11-403, a court has discretion to exclude otherwise admissible evidence if the "probative value [of the evidence] is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* Neither at trial nor on appeal has the State made an argument that the evidence at issue was or should be excluded under Rule 11-403. Nor do we have any evidence in the record that the district court applied Rule 11-403 to exclude the evidence. Accordingly, we do not conclude that Defendant's proffered line of inquiry was excluded under Rule 11-403. Nevertheless, we may affirm if the district court was right for any reason, *State v. Astorga*, 2015-NMSC-007, ¶ 44, 343 P.3d 1245, including proper exclusion under Rule 11-403. We therefore continue with an analysis of the exclusion under Rule 11-403.

**{16}** The five factors that informed our Rule 11-608(B) analysis also speak to a Rule 11-403 analysis.[2] The first three factors—whether the witness's testimony is crucial or unimportant, the relevancy of the act of misconduct to truthfulness, the nearness or remoteness of the misconduct to the time of trial—all relate to the probative value of the evidence. The final two—whether the matter inquired into is likely to lead to time-consuming, distracting explanations on cross-examination or re-examination, and whether there will be unfair humiliation of the witness and undue prejudice to the party who called the witness—relate to prejudice, confusion, or waste of time. In all, our analysis of the Rule 11-608(B) factors does not indicate that the probative value of the proffered evidence would be substantially outweighed by the enumerated dangers of Rule 11-403.

**{17}** Also important to our Rule 11-403 analysis is whether there was a good-faith basis for Defendant's line of questioning. *See* 1 Broun, *supra*, at § 41 ("[T]he cross-examiner may not pose the question unless she has a good[-]faith basis in fact for the inquiry."); *State v. Robinson*, 1983-NMSC-040, ¶ 5, 99 N.M. 674, 662 P.2d 1341 ("In considering the character of the prior conduct, the [district] court must take care to distinguish actual misconduct from

---

[2]In fact, an evidence treatise refers to the federal equivalent of New Mexico evidentiary Rule 11-403 and Rule 11-611 NMRA as "codify[ing] the wide discretion of the court in controlling impeachment" under the federal equivalent to Rule 11-608. 4 Jack B. Weinstein et al., *Weinstein's Federal Evidence*, § 608.02[3][c] (Mark S. Brodin, ed., Matthew Bender 2d ed. 2016) (footnote omitted); *see also Bocra*, 623 F.2d at 288, ("[Federal] Rule 608(b) is meant to tie into [federal] Rule 403[.]").

a mere accusation of misconduct."). Without at least a good-faith basis for an inquiry, the inquiry would likely have little, if any, probative value relative to prejudicial effect. *See id.* ¶ 7 ("The impeachment of a witness by insinuations based on unsubstantiated allegations of prior misconduct provides the trier of fact with no information relevant to the witness's credibility and carries a great potential for prejudice."). Put another way, a baseless inquiry might be no more than a smear. *See id.* ¶ 8 (stating that a line of inquiry about mere suspicions of prior misconduct was innuendo and admitted erroneously). In this case, the State did not challenge the basis for Defendant's inquiry that involved Undercover Agent's "testimony under oath in a federal preliminary hearing." Nor did the district court inquire any further. Nor does the State raise this issue on appeal. Therefore, we have no basis in the record to conclude that Defendant's inquiry was without a good-faith factual basis.

**{18}** Lastly, we observe that some holdings rely heavily on whether the credibility of the witness was challenged adequately on cross-examination without the excluded evidence offered as probative of the witness's truthfulness. *See Fortes*, 619 F.2d at 118 (stating that "the extent to which the excluded question bears upon character traits that were otherwise sufficiently explored" is to be considered when analyzing whether the evidence was properly excluded under the federal equivalent of Rule 11-608(B)); *see also Fortes*, 619 F.2d at 118 (holding that the district court did not abuse its discretion in excluding cross-examination of an important witness about his truthfulness in a prior incident because "extensive inquiry" was made into the witness's credibility through inquiry into other conduct and statements). In this case, the State has not made the argument that Undercover Agent's credibility was adequately challenged without the excluded line of questioning. It appears that the district court did not tailor the scope of cross-examination directed at Undercover Agent's credibility but, instead, forestalled entirely that line of inquiry. Moreover, it did so summarily and without analysis on the record. Defendant's excluded inquiry did not overlap with an alternative challenge to Undercover Agent's credibility, nor is this a case in which Defendant challenges only the scope of an inquiry that was permitted but limited by the district court. *See United States v. Estell*, 539 F.2d 697, 699-700 (10th Cir. 1976) (holding that the district court did not abuse its discretion where the district court tailored the scope of an inquiry about a witness's drug dealing by allowing defense counsel "wide latitude" for questioning on the subject but preventing inquiry into the source of the drugs). In sum, we do not find any reason that Defendant's inquiry could be properly excluded pursuant to Rule 11-403.

**{19}** Having determined that the exclusion of Defendant's line of inquiry was error, we examine whether there was any reasonable probability that the error contributed to the verdict in order to determine whether reversal is required. *See Tollardo*, 2012-NMSC-008, ¶¶ 25, 36 (stating that harmless error does not require reversal and error under our evidentiary rules is harmless unless there is a reasonable probability that the error contributed to the verdict). We observe that the State has not made any argument that the error was harmless. This puts the State at a disadvantage. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not . . . guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)); *State v. Duran*, 2015-NMCA-015, ¶¶ 19-20, 343 P.3d 207 (stating that "[t]he [s]tate bears the burden

to prove the error was harmless" when analyzing for non-constitutional evidentiary error).

**{20}** Defendant argues that the error was not harmless. It is undisputed that the State relied solely upon the testimony of Undercover Agent to establish all the critical elements of its case against Defendant. The jury's assessment of Undercover Agent's credibility was therefore the lens through which the jury evaluated the State's case. Because Undercover Agent's testimony was indispensable and the jury's perception of his credibility critical, we are not in the position to say that there was no reasonable probability that the erroneous exclusion of Defendant's challenge to Undercover Agent's character for truthfulness contributed to Defendant's conviction. *See United States v. Whitmore*, 359 F.3d 609, 622-23 (D.C. Cir. 2004) (holding that evidentiary error was not harmless where the defendant was precluded from challenging the character for truthfulness of the "sole and critical eye-witness" and the corroborating evidence was minimal); *State v. Smith*, 2001-NMSC-004, ¶ 16, 130 N.M. 117, 19 P.3d 254 ("[I]n New Mexico, it is the fact[-]finder that determines credibility."). Accordingly, the error was not harmless. *See Tollardo*, 2012-NMSC-008, ¶ 36 (stating that error under the rules of evidence is not harmless where there is any reasonable probability that the error contributed to the verdict). We do not reach Defendant's claim of constitutional error on this issue, *see Allen v. LeMaster*, 2012-NMSC-001, ¶ 28, 267 P.3d 806 (stating that courts avoid constitutional questions not necessary to the disposition), or Defendant's other arguments.

## CONCLUSION

**{21}** We reverse Defendant's convictions and remand to the district court.

**{22}** **IT IS SO ORDERED.**

          **STEPHEN G. FRENCH, Judge**

**WE CONCUR:**

**JAMES J. WECHSLER, Judge**

**TIMOTHY L. GARCIA, Judge**